[Crim. No. 12959.  In Bank.  Sept. 15, 1969.]

In re JOE RAY HUDDLESTON on Habeas Corpus.

John A. Montag for Petitioner.

Thomas C. Lynch, Attorney General, Doris H. Maier, Assistant Attorney General, and Arnold .O. Overoye, Deputy Attorney General, for Respondent.

TOBRINER, J.—In his petition for a writ of habeas corpus, Joe Ray Huddleston (hereinafter referred to as defendant) contends that the trial court improperly considered an invalid prior conviction which, if not taken into account in sentencing, would have rendered him eligible for probation. We have concluded that the evidence demonstrates the invalidity of the prior conviction; we therefore transfer the case back to the sentencing court for a redetermination of sentence.

The District Attorney of the County of Los Angeles in January and February 1961 filed two separate informations charging defendant with violation of section 459 of the Penal Code (burglary). In March 1961 defendant pleaded guilty to both charges; the court sentenced him to the state prison for the term prescribed by law (i.e., one to fifteen years). Prior to the imposition of sentence the court upheld the validity of a charged prior felony, robbery, pursuant to a judgment rendered in the Los Angeles Superior Court. The court also held valid another charged prior felony, burglary, based upon a judgment rendered in the Fresno Superior Court, resulting in a commitment of defendant to the California Youth Authority.

Defendant filed a petition for writ of habeas corpus in the Sacramento Superior Court contending that under our decision in *In re Woods* (1966) 64 Cal.2d 3 [48 Cal.Rptr. 689, 409 P.2d 913], he should be resentenced because the court in its original sentencing erroneously considered the felony conviction in the Fresno Superior Court. According to defendant, that conviction cannot stand because at the time of those proceedings he neither obtained representation by counsel nor waived that right. Defendant does not question the validity of the prior Los Angeles robbery conviction.

The Sacramento court ruled that the prior conviction resulting in the commitment to the California Youth Authority was indeed invalid because, even though the 17-year-old defendant "waived" his right to counsel, there "is nothing in the record, nor has any evidence been introduced, to suggest that this was an intelligent, informed waiver." Nevertheless the Sacramento Superior Court refused to remand the case to the County of Los Angeles for resentencing because it "appears clear that the prior convictions were not a factor in the Court's consideration of the application for probation. The Court was concerned, rather, with the fact that petitioner had, after his release on bail, committed another offense and that he was being sentenced on both of those charges. The application for probation was considered and denied on its merits." The court concluded: "It would be a futile gesture to seize upon this technicality and to return petitioner to Los Angeles for a further evaluation of his case by the Superior Court."

To defendant's petition in this court for a writ of habeas corpus the Attorney General posits denial upon the following untenable propositions: (1) Defendant's challenge to the prior conviction comes too late; (2) defendant has failed to allege facts which invalidate the records of the Fresno Superior Court to the effect that he waived his right to counsel; and (3) the sentencing judge rejected probation even though he considered the possibility of defendant's eligibility for probation; the transfer of this case from the Sacramento Superior Court to the sentencing Los Angeles Superior Court would therefore constitute an idle act.

■ We cannot accept the Attorney General's first argument that defendant has waited an unreasonable time after this court's decisions in *In re Woods, supra,* 64 Cal.2d 3, *In re Luce* (1966) 64 Cal.2d 11 [48 Cal.Rptr. 694, 409 P.2d 918],

and *In re Tucker* (1966) 64 Cal.2d 15 [48 Cal.Rptr. 697, 409 P.2d 921], to challenge the validity of the prior conviction.

We faced a similar argument in *In re Caffey* (1968) 68 Cal.2d 762, 773 [69 Cal.Rptr. 93, 441 P.2d 933]. There we ruled that a defendant could not be expected to raise at the time of his conviction points of law which had not yet been pronounced. "Moreover, to find a waiver in these circumstances would unduly restrict the right to relief from a substantial increase in punishment based on a constitutionally invalid conviction" (68 Cal.2d at p. 773).

We rendered our decisions in *Woods, Luce,* and *Tucker* on January 26, 1966. Defendant in the instant case filed his petition for writ of habeas corpus with the Sacramento court sometime during the summer of 1968; the court denied the writ on October 4, 1968. We have established no time limit for the presentation of claims in a petition for habeas corpus; indeed the basic function of habeas corpus is to afford relief which cannot otherwise be procured. The lapse of two and one-half years does not become unreasonable under the present circumstances; in any event, defendant's delay primarily worked to his own disadvantage.

We must reject the Attorney General's second contention that defendant fails to rebut the record of the Fresno court to the effect that he waived counsel in that proceeding. Indeed the superior court on the hearing of the habeas corpus petition rendered the following finding: "A review of the evidence establishes that there had been a waiver of counsel by the petitioner who was then seventeen years of age. There is nothing in the record, nor has any evidence been introduced, to suggest that this was an intelligent, informed waiver. This court is, therefore, prepared to determine, and does determine, that the first of the two prior convictions is invalid for any purpose."

In a candid elucidation of the records of the Fresno proceedings[1] the Chief Deputy District Attorney for the County

---

[1] The minutes of the Fresno Superior Court read: "The District Attorney and the defendant come into court for Arraignment. A true copy of the information is handed to the defendant and read by the Clerk. The Court advises the defendant of his legal rights, defendant waives counsel and states that the name by which he is charged is his true name. On being asked by the Court whether he is guilty or not guilty of the offenses charged, defendant states that he is guilty on each of four counts. At the request of the defendant, the matter is referred to the Probation Officer for his investigation, report, and recommendation, to be heard on December 27, 1949, and the matter of degree is set over till time of Judgment."

of Sacramento stated at the habeas corpus proceedings: "I have also Fresno County records in relation to the prior conviction suffered, I believe, in 1949 or '48, and these records do not adequately set forth the situation with respect to waiver of counsel. It is clear the defendant did not have counsel down there . . . . There is a recital in a Minute Order, which was prepared after the time that the defendant . . . appeared . . . without counsel . . . and that recital sets forth that the defendant waived counsel; but I am satisfied, your Honor, that on the basis of the records available in Fresno—they apprise me that these are all the records available in that case—that from the records anyhow, we can't make a sufficient showing that he did waive."

Moreover, the defendant testified at the habeas corpus hearing that he was not represented by counsel in the Fresno proceedings, that he did not waive counsel, that counsel was not offered to him, and that he did not recall advising the court that he did not wish counsel "because I think I would have accepted an attorney if it was offered to me." The prosecution did not attempt to contradict defendant's testimony.

Thus, although the Attorney General in his return disputes the denial of a waiver of counsel in defendant's present petition, the admissions of the district attorney's representative irrefutably support defendant. The evidence sufficiently upholds the findings in the habeas corpus proceedings that defendant did not effectively waive his right to counsel. The prior conviction must therefore be adjudged invalid.

Finally, we consider the Attorney General's third contention that the sentencing court in fact considered and rejected the possibility of probation for defendant; that therefore a transfer of the case to the sentencing court at this time would be an idle act.

The provisions of paragraph 4 of section 1203 of the Penal Code as it existed in 1961 absolutely precluded the granting of probation if the defendant suffered two prior felony convictions.[2] In view of the two charged priors in this case, including the Fresno conviction, the sentencing judge, therefore, could not have considered probation for defendant regardless of the existence of, or recommendation of, a proba-

---

[2]"Probation *shall not be granted* . . . . to any defendant unless the court shall be satisfied that he has not been twice previously convicted of felony in this State. . . ." (Italics added.)

tion report.[3] The possibility, however, remote, that the sentencing judge might have granted probation became irrelevant in view of the prohibitory provisions of paragraph 4.[4] Contrary to the contentions of the Attorney General, the sentencing judge could not have considered probation for defendant; the court's rejection of probation for defendant, therefore, could not have rested on a judgment of the merits of an application for probation.

In any event, we ruled in *In re Caffey, supra,* 68 Cal.2d 762, 765, that if new findings disclose that the sentencing court considered an invalid prior conviction in fixing the original sentence, that court bears the obligation of resentencing. (See *In re Haro* (1969) *ante,* pp. 1021, 1025 [80 Cal.Rptr. 588, 458 P.2d 500]; *In re Dabney* (1969) *ante,* pp. 1, 5 [76 Cal.Rptr. 636, 452 P.2d 924] (in which case we ruled that in view of the determination that defendant had been sentenced on the basis of a prior invalid narcotics conviction the defendant "was entitled to be considered for probation and, if probation were denied, to sentencing as an offender without a previous narcotics conviction"); *In re Pfeiffer* (1968) 264 Cal.App.2d 470 [70 Cal.Rptr. 831].) The Sacramento court[5] is not entitled to divine the ruling which the sentencing court would have reached if a different set of facts had been presented to it; nor

[3]The probation report provided in part: "In view of his [defendant's] record, there is a question as to his eligibility for probation, but even if he were eligible, it is felt that he is unsuitable for probation. . . ."

[4]In his return in this court the Attorney General argues that even if one of defendant's prior convictions was invalid defendant was in fact ineligible for probation under section 1203, paragraph 3, which prohibited the granting of probation to a defendant "convicted of . . . burglary . . . who at the time of the perpetration of said crime . . . or at the time of his arrest was himself armed with a deadly weapon." Moreover, he argues that defendant "could not be within the class of unusual cases which could be granted probation where the interests of justice demand a departure from the declared policy under Penal Code section 1203 [paragraph 3], because the trial court impliedly rejected this classification by ordering a probation report, reading and considering it and then denying probation." The Attorney General's argument is entirely speculative. The absolute language of paragraph 4 prohibited the judge from considering probation. We cannot assume that the judge indulged in the supposition that defendant had sustained only *one* prior, and, on that fictitious basis, passed upon the question whether this was an "unusual" case under paragraph 3.

[5]Under our prior decisions, especially *In re Caffey, supra,* 68 Cal.2d 762, 765, and *In re Haro* (1969) *ante,* pp. 1021, 1025 [80 Cal.Rptr. 588, 458 P.2d 500], the Sacramento court should have transferred the case to the sentencing court for a determination of the validity of the prior conviction. Here, however, as in *Haro,* the Sacramento court in the habeas corpus proceedings erroneously reached its own decision on this subject; the parties, however, have stipulated that we may review the

should this court superimpose its judgment upon that of the sentencing court. The defendant is entitled to a completely new and unbiased evaluation of his application for probation based upon all the facts of the case, including the fact of a single prior felony conviction.

Thus, in sum, we pass here only upon the question whether defendant obtained the benefit of a proper probation hearing. Although the issue frames no great question of law, it crucially affects this individual defendant; he is entitled to a hearing in which the court can exercise its judgment upon the basis of a sound presentation of his legal status. Unfortunately, in view of the erroneous concept of the legality of defendant's prior conviction, that clear and certain legal premise was missing here. To postulate that the sentencing judge passed on the merits of the application basing his decision upon paragraph 3 of Penal Code section 1203, which is not pertinent, invites pure speculation. We conclude that the proper and wise disposition of the matter is to afford defendant a hearing on probation premised upon a sure foundation of his legal status.

The writ is granted and defendant is remanded to the custody of the Superior Court of Los Angeles County for resentencing in accordance with the views expressed herein.

Traynor, C. J., Peters, J., and Sullivan, J., concurred.

MOSK, J.—I dissent.

While I agree with the substantive conclusions of the majority, the proposed disposition is "an exercise in futility that serves no useful purpose other than mere bookkeeping." *People* v. *Francis* (1969) *ante,* pp. 66, 79 [75 Cal.Rptr. 199, 450 P.2d 591].) *In re Falk* (1966) 64 Cal.2d 684 [51 Cal.Rptr. 279, 414 P.2d 407], made it clear that this court may look at the entire record in order to ascertain whether a remand for resentencing is a mere idle act.

As found by the court on petition for habeas corpus, the record establishes beyond doubt that this petitioner was not prejudiced at the time of his probation and sentence hearing by reason of the prior convictions, either the admittedly valid Los Angeles prior or the Fresno conviction deemed invalid.

entire record. Since we have upheld the finding of the Sacramento court that the prior conviction was, indeed, invalid, the proper procedure at this time is to transfer the case to the sentencing court for a redetermination of the sentence.

The probation department reported to the trial court that even if the defendant were eligible for probation "he is unsuitable for probation services as he has clearly demonstrated his inability to adjust in a permissive setting. . . ." The probation officer recommended that probation be denied, not on the ground of ineligibility, but unsuitability.

It is significant that at the probation and sentence hearing defense counsel did not plead for probation; he requested merely that the sentences be ordered to run concurrently. The trial court, in denying the request and simultaneously denying probation, commented on the societal risk involved "where a man is out on bail and then commits another crime." The court thereupon exercised its discretion, denied the application for probation *on the merits* and sentenced the defendant in each of the two pending cases, the terms to run consecutively.

Thus the record abundantly supports the memorandum conclusion of the court on habeas corpus that "the prior convictions were not a factor in the court's consideration of the application for probation." The court also properly found that "it would be a futile gesture" to return the petitioner to Los Angeles for a further evaluation of his case. No abuse of discretion appears to justify our belated interference.

In addition to the foregoing factors, this case illustrates one of the evils inherent in automatically remanding a matter to the original trial court for recvaluation many years after judgment. The sentence here was imposed by the trial judge on April 6, 1961. More than eight years have elapsed and in the interim the trial judge familiar with the case has retired. Thus, another judge must examine the record and reach a conclusion based solely on a reading of cold type, rather than upon familiarity with and recollection of courtroom events. In the interest of economy of time, and preservation of prison routine (*People* v. *Francis, supra, ante,* p. 66), this court should read the same record, reach its conclusion, and make an appropriate order.

I would order the Fresno felony stricken from defendant's record and then deny the petition.

McComb, J., and Burke, J., concurred.