[Crim. No. 15671. In Bank. Nov. 18, 1971.]

In re HENRY ROMERO CORTEZ on Habeas Corpus.

## COUNSEL

Peter G. Petros, under appointment by the Supreme Court, for Petitioner.

Evelle J. Younger, Attorney General, Doris H. Maier, Assistant Attorney General, Jack R. Winkler, Nelson P. Kempsky and Craig Stalker, Deputy Attorneys General, for Respondent.

## OPINION

SULLIVAN, J.—In *People* v. *Tenorio* (1970) 3 Cal.3d 89 [89 Cal.Rptr. 249, 473 P.2d 993], we held that section 11718 of the Health and Safety Code[1] violated article III and article VI, section 1 of the California Constitution which proclaim the separation of powers and vest the judicial power in the judiciary. Section 11718 prohibited the court in any criminal proceeding for the violation of any provision of the narcotics division of the above code (division X, §§ 11000-11853) to dismiss or strike from the accusatory pleading, except upon motion of the district attorney, an allegation of fact that, if admitted or found to be true, would change the penalty for the offense charged. Generally speaking, the statute operated to prevent the court from dismissing prior convictions without the previous approval of the prosecutor.

We concluded that our decision in *Tenorio* should be fully retroactive and suggested the following procedure: "Any prisoner suffering a sentence imposed after the effective date of Health and Safety Code section 11718 (Sept. 18, 1959) and augmented by virtue of a prior narcotics conviction may file a habeas corpus petition with the superior court inviting the exercise of discretion to dismiss the prior conviction. Petitions should be filed in the court with territorial jurisdiction in the first instance, and transferred by that court to the sentencing court in the event the court with territorial jurisdiction was not the sentencing court. [Citation.] Petitions should not be filed with this court or the Court of Appeal. Upon receipt of such a petition, the sentencing court should follow normal sentencing procedures and grant appropriate relief whenever deemed warranted in its discretion." (*Id.* at pp. 95-96, fn. 2.)

We are now called upon to further detail these implementing procedures and specifically to determine whether a prisoner seeking relief under *Tenorio* is entitled to a hearing at which he is present and represented by counsel. We have concluded that a petitioning prisoner who has established that he was sentenced pursuant to a narcotics conviction sustained between September 18, 1959 and September 1, 1970,[2] and that his sentence was increased due to a prior narcotics conviction,[3] must be accorded a hearing

---

[1]Hereafter, unless otherwise noted, all section references are to the Health and Safety Code.

[2]The period of time from September 18, 1959, the effective date of section 11718, to September 1, 1970, the date of our decision in *People* v. *Tenorio, supra,* declaring said section unconstitutional, represents the interval during which section 11718 unconstitutionally restricted a trial judge's discretion to strike prior convictions.

[3]In the usual case the prior narcotics conviction which has augmented sentence will be a felony conviction, because the Legislature in 1961 (Stats. 1961, ch. 274)

before the sentencing court at which he is personally present and represented by counsel. As we explain *infra,* the sentencing court will thus be fully informed as to all facts and circumstances relevant to the exercise of its now unfettered discretion to strike prior narcotics convictions in the interests of justice.

Petitioner Henry Romero Cortez was convicted in the Superior Court for the County of Riverside on October 26, 1962, of four counts of selling or offering to sell heroin. (§ 11501.) He was sentenced on each count to the state prison for the term prescribed by law, which term, because of a prior narcotics felony conviction, was increased from five years to life to ten years to life, without possibility of parole for ten years. It was ordered that the sentences on the first three counts run consecutively and the sentence on the fourth count run concurrently with the first three.

On September 30, 1970, while incarcerated at Folsom State Prison, Cortez filed in the Sacramento County Superior Court a petition for writ of habeas corpus, seeking *Tenorio* relief. The petition was transferred to the Superior Court for Riverside County which was the sentencing court. Without issuing an order to show cause, without appointing counsel, without granting petitioner a hearing and without his presence, the sentencing court, made the following order: "This Court has reviewed its file, and although having discretion to strike defendant's prior conviction pursuant to said Supreme Court decision [*Tenorio*], likewise has discretion to strike it. In the opinion of this Court said prior should not be, and is therefore not stricken and the judgment of this Court pronounced October 31 [*sic*] 1962 shall remain in full force and effect. [Par.] Petitioner's application and petition for a Writ, excepting to the extent that this Court has accepted the invitation to exercise its discretion, which it has exercised, is denied." Petitioner thereupon filed this petition for a writ of habeas corpus claiming that the sentencing court had denied him his constitutional rights in not granting him a hearing at which he could be present and be represented by counsel. As indicated above, we agree with this contention.

The trial judge's decision as to whether or not he should strike a prior narcotics conviction for the purpose of sentencing a defendant arraigned

amended the narcotics offenses enumerated in division 10 of the Health and Safety Code to specify that only felony priors would increase sentence. From 1959 to May 4, 1961, the narcotics offenses enumerated in that division provided for increased sentences for prior convictions of "any offense" named in the division (see for example § § 11500, 11501, 11530 and 11531, as they read immediately prior to their 1961 amendments). Thus, wherever in the opinion, we refer to the effect of prior narcotics felony convictions, it is with the implicit caveat that from 1959 to May 4, 1961, a prior narcotics misdemeanor conviction may have operated to augment sentence and thus make the prisoner eligible for *Tenorio* relief.

for judgment on a subsequent narcotics felony conviction substantially affects the rights of the defendant, since the proven or admitted prior flatly prohibits probation,[4] increases the period in prison during which release on parole is forbidden, and greatly lengthens the overall sentence.[5] Thus, an opportunity to persuade a sentencing judge to exercise his discretion to strike a prior conviction in the interests of justice is extremely important to such defendants. Section 11718 effectively denied them this chance by binding the trial judge's discretion to the approval of the district attorney. In making *Tenorio* retroactive we resolved to restore to such defendants the opportunity to attempt to persuade a trial judge to exercise his now unfettered discretion.

---

[4]Health and Safety Code section 11715.6, as amended in 1970, provides in pertinent part: "Any person convicted of violating Sections 11500, 11500.5, 11501, 11502, 11503, 11530, 11530.5, 11531, 11532, 11540, 11557, or 11715, or of committing any offense referred to in those sections, shall not, in any case, be granted probation by the trial court or have the execution of the sentence imposed upon him suspended by the court, if he has been previously convicted of any felony offense described in this division . . . ." Prior to May 4, 1961, section 11715.6 covered previous convictions of any offense described in the division, and was not limited to felony offenses. *People* v. *Thatcher* (1967) 255 Cal.App.2d 830 [63 Cal.Rptr. 492] held that the trial court had no authority to grant probation to a person convicted of a narcotics offense with a previous narcotics conviction since the above-quoted statute deprived the trial court of jurisdiction to do so.

[5]The following table indicates the effect of one or two or more prior narcotics convictions upon the length of prison sentence as well as the minimum time which must be served without possibility of parole.

| Code Section | Punishment No prior | Punishment One prior | Punishment Two or more priors | Minimum imprisonment before parole |
|---|---|---|---|---|
| 11500 | 2-10 | 5-20 | 15-life | 2, 5, 15* |
| 11500.5 | 5-15 | not less than 10 | not less than 15 | 2½, 6, 15 |
| 11501 | 5-life | 10-life | 15-life | 3, 10, 15 |
| 11530 | one in county jail or 1-10 | 2-20 | 5-life | 0, 2, 5 |
| 11530.5 | 2-10 | 5-15 | 10-life | 2, 3, 6 |
| 11531 | 5-life | 5-life | 10-life | 3, 5, 10 |

NOTE: All sections of the code are reported as amended in 1970.

*The three figures in this column refer respectively to punishment with no prior, punishment with one prior, and punishment with two or more priors.

| Section | Offense |
|---|---|
| 11500: | possession of narcotic other than marijuana. |
| 11500.5: | possession for sale of narcotic other than marijuana. |
| 11501: | transportation or sale of narcotic other than marijuana. |
| 11530: | unauthorized possession of marijuana. |
| 11530.5: | possession of marijuana for sale. |
| 11531: | transportation or sale of marijuana. |

Retroactivity in this context implies an unravelling of time backwards until the original situation is exposed and an application of the prescribed ameliorative procedures to the reconstructed scene. Since obviously it is impossible to peel off the layers of past time like those of an onion, we are compelled to simulate and reconstruct the event as accurately as possible in the present and under inevitably changed circumstances. The event we must reconstruct in order to effect *Tenorio* relief is the opportunity for a convicted narcotics defendant to attempt to persuade the sentencing judge, now released from the restrictions of section 11718, to strike a prior conviction, thereby reducing the prison term prescribed by law and, in some instances, making the defendant eligible for probation.

We commence our analysis by examining the purposes underlying a motion to strike prior convictions since, in the main, procedures should be devised to effectuate agreed-upon purposes. ■ As the existence of a prior narcotics felony conviction flatly prohibits probation (§ 11715.6; see fn. 4, *ante*), one of the paramount purposes of a motion to strike priors is to make the defendant eligible for probation. The thrust of the motion is to persuade the sentencing judge that, despite the existence of the prior, the petitioning prisoner is a fit subject for probation. A prisoner seeking *Tenorio* relief will need to urge and present the same type of arguments, facts and considerations as a convicted defendant without a prior does in trying to persuade the sentencing judge to grant probation. Therefore, the rights and procedures available to a defendant seeking probation would appear not merely instructive but indeed highly persuasive in determining the appropriate procedures in the *Tenorio* situation.

Penal Code section 1203 provides in every felony case in which the defendant is eligible for probation that: "If the court shall determine that there are circumstances in mitigation of punishment prescribed by law, or that the ends of justice would be subserved by granting probation to the defendant, the court shall have the power in its discretion to place the defendant on probation . . . ." (1st par.) Even though the sentencing judge is accorded discretion, the same section accords a felony defendant eligible for probation a right to a hearing on the matter. ■ The reason for and wisdom of requiring a hearing is well expressed in *People* v. *Surplice* (1962) 203 Cal.App.2d 784 at page 791 [21 Cal.Rptr. 826]: "It is well established in the law that the severity of the sentence and the placing of defendant on probation rest in the sound discretion of the trial court. [Par.] ■ The term [judicial discretion] implies absence of arbitrary determination, capricious disposition or whimsical thinking. It imports the exercise of discriminating judgment within the bounds of reason. [Par.] To exercise the power of judicial discretion all the material facts in evidence must be both known

and considered, together also with the legal principles essential to an informed, intelligent and just decision."[6]

Moreover, this court has recently held that the sentencing judge must determine the propriety of probation "upon a sure foundation of his [defendant's] legal status." (*In re Huddleston* (1969) 71 Cal.2d 1031, 1037 [80 Cal.Rptr. 595, 458 P.2d 507].) In that case, Huddleston pleaded guilty to burglary and was found validly charged with two prior felonies, rendering him ineligible for probation by virtue of section 1203 of the Penal Code. Subsequently, Huddleston filed a petition for habeas corpus seeking resentencing on the ground that one of the priors was invalid because it was obtained in violation of his right to counsel. We concluded that the prior was constitutionally defective and ordered the sentencing court to hold a hearing and redetermine the question of probation. We said: "The defendant is entitled to a completely new and unbiased evaluation of his application for probation based upon all the facts of the case, including the fact of a single prior felony conviction. [Par.] [H]e is entitled to a hearing in which the court can exercise its judgment upon the basis of a sound presentation of his legal status." (71 Cal.2d at p. 1037.)

We think that these principles expressed in *Huddleston* are directly applicable to the prisoner petitioning for *Tenorio* relief, for in each case the petitioner was denied probation upon an erroneous legal basis which rendered him ineligible for probation.[7] Here, as in *Huddleston,* the proper legal foundation indicates that the petitioner is in fact eligible for probation if the sentencing judge in his discretion so determines and, therefore, petitioner, by a parity of reasoning, should be entitled to a new hearing with respect to probation based upon a true presentation of his legal status.[8]

---

[6]The Attorney General, in his return to the order to show cause, argues that it would be incongruous to grant to the sentencing judge the discretion to strike a prior conviction and at the same time to require a hearing antecedent to the exercise of this discretion. Our preceding discussion totally refutes such argument.

[7]In *Huddleston* the erroneous legal foundation was that Huddleston had been validly convicted of two prior felonies and was, therefore, barred from admission to probation. (Pen. Code, § 1203.) In fact, there was only a single valid felony prior and so he would be eligible for probation at the sentencing judge's discretion. In a proceeding seeking *Tenorio* relief, the erroneous legal foundation is that the sentencing judge could not strike prior narcotics convictions for purposes of sentencing without the approval of the district attorney and therefore defendants with narcotics priors were banned from admission to probation. In fact, despite the priors, such defendants would be eligible for probation at the sentencing judge's discretion.

[8]The Attorney General urges that such a hearing would be an idle act in many cases, since the original sentencing judge may have determined not to strike the prior, even if he had full and free power to do so. It is obviously impossible in the usual case to discern the inner workings of the original sentencing judge's mind and determine in which cases a hearing would be a perfunctory proceeding. It seems equally obvious that the question whether the defendant should be accorded a hearing should

Despite the sentencing judge's previous knowledge of the defendant, supplemented frequently by a pre-sentence investigation, a decision in a post-conviction proceeding as to the propriety and wisdom of granting probation requires a sensitive appraisal of character for which the presence of the petitioner in person is extremely helpful if not essential. The intuitive estimate of character by a sentencing judge seasoned by experience lies at the very core of the proper exercise of discretion and depends to a significant degree upon the inarticulable message of presence. Additionally, we think that an effective presentation of the merits of the petition depends not only on the petitioner's being present in person but also upon his having the assistance of counsel to fashion facts and arguments into a persuasive appeal to the court's discretion.

The above analysis basically equates the post-conviction situation of the *Tenorio* petitioner with the situation of the ordinary defendant seeking probation. This nexus is perhaps stronger in the case of a *Tenorio* petitioner with a single prior than in the case of such a petitioner with two or more priors, since a sentencing judge may be unwilling to strike several prior convictions. In such cases, the motion to strike the prior rather than realistically raising the possibility of probation is more likely to present either the question of a lesser prison term with accompanying reduced period of parole ineligibility under the statute (see fn. 5, *ante*) or the question of ordering the sentences to run concurrently rather than consecutively. Nevertheless, even in these instances, the sensitive character of the trial court's function remains.

We now turn our attention to the procedural aspects of the problem. Following the logical dictates of retroactivity, we seek to pinpoint the procedural posture of the case at the original sentencing when petitioner would have moved to strike a prior conviction, and then to reconstruct this scene as accurately as possible in order to provide the petitioner with a similar opportunity.

■ There are no statutory provisions specifying the time for a motion to strike priors. The motion can be made at any time from the date of plea, finding or verdict of guilty until the pronouncement of judgment. The actual moment when the motion would be made in any particular case, of course, depends upon the judgment and initiative of defense counsel, the customary procedures of the sentencing court and the individual proclivity of the sentencing judge. However, it appears to be normal and appropriate for the

---

not turn upon an empirical predetermination of the likelihood of its success. *Huddleston* stands firmly for the proposition that the presentation to the court of the defendant's true legal status is not so meaningless a procedure that it can be discarded when it seeks the favorable exercise of judicial discretion.

motion to be brought at the time of the defendant's arraignment for judgment. If, at such time, prior convictions have been neither admitted nor submitted to the jury for determination, the judge normally holds a hearing to determine their validity. Having established this, he inquires of counsel as to whether or not they desire to be heard on the matter of probation and sentence.

We conclude from the foregoing that in order to restore a prisoner seeking *Tenorio* relief as closely as possible to his original position, he should be treated as though before the court at the time of pronouncement of judgment and should, therefore, be entitled to all the normal procedures and rights available at that time.

■ "Pronouncement of judgment, however, is a critical stage in the criminal prosecution when the constitutional rights 'to appear and defend, in person and with counsel' (Cal. Const., art. I, § 13) apply . . . ." (*In re Perez* (1966) 65 Cal.2d 224, 229 [53 Cal.Rptr. 414, 418 P.2d 6].) A defendant convicted of a felony has the right to be present at the pronouncement of judgment (Pen. Code, § 1193); to be represented by counsel (*Mempa* v. *Rhay* (1967) 389 U.S. 128 [19 L.Ed.2d 336, 88 S.Ct. 254]; *In re Perez, supra*); and to receive a hearing at which he may present evidence with respect to mitigation of sentence (Pen. Code, § 1204).

In view of the purposes underlying a defendant's motion to strike prior convictions at the time of his arraignment for judgment, we conclude that a petitioner who has established a prima facie case for *Tenorio* relief is clothed with the same congeries of rights. Being before the sentencing court in the reconstructed setting, as it were, of his arraignment for judgment, a *Tenorio* petitioner is entitled to a hearing on his petition at which he is present in person and represented by counsel.

■ For the guidance of court and counsel in this case and in similar cases we outline the procedure to be followed in the future where a petition seeking *Tenorio* relief is filed: *First,* every prisoner who has been convicted of a narcotics offense between September 18, 1959, and September 1, 1970, (see fn. 2, *ante*), whose sentence was increased because of one or more prior narcotics convictions (see fn. 3, *ante*) and who desires an opportunity to invoke the discretion of the court to dismiss the prior convictions, may file a petition for writ of habeas corpus with the superior court of territorial jurisdiction. *Second,* that court should transfer the petition to the original sentencing court.[9] ■ *Third,* upon receiving the petition, the sentencing

---

[9]The procedure herein recommended follows the basic outlines of the procedure adopted in *In re Caffey* (1968) 68 Cal.2d 762 [69 Cal.Rptr. 93, 441 P.2d 933] and affirmed in *In re Haro* (1969) 71 Cal.2d 1021 [80 Cal.Rptr. 588, 458 P.2d 500] to

court should ascertain from its own records whether petitioner has established a prima facie case by showing that he was convicted of a narcotics offense between September 18, 1959, and September 1, 1970, and that his sentence was augmented by virtue of one or more prior narcotics convictions. If not, the petition should be summarily denied. If, however, the records substantiate the allegations, the sentencing court should issue an order directing the Attorney General, on behalf of the *People,* to show cause why the prior convictions should not be stricken for purposes of sentencing. *Fourth,* the sentencing court should appoint counsel for petitioner, unless petitioner is able to afford counsel of his own choice or, although indigent, desires and is competent to represent himself. *Fifth,* the sentencing court should obtain a new probation report and/or a report from the Director of Corrections as to the conduct of petitioner in prison since his original sentencing. *Sixth,* upon the filing of the return to the order to show cause the court should hold a hearing pursuant to Penal Code section 1204, at which petitioner is present in person and represented by counsel. *Seventh,* at the conclusion of the hearing, after argument by counsel and receipt of all relevant evidence, the court should, in its discretion, determine whether to strike, for the purpose of sentencing, the prior conviction or one or more of the prior convictions involved in the particular case. If the court determines not to strike the prior conviction or convictions, then it should enter an order denying the petition for writ of habeas corpus and remanding the petitioner to prison to complete his sentence pursuant to the original sentence. If, however, the court determines to strike one or more of the prior convictions, it should grant the petition for writ of habeas corpus, vacate the sentence and rearraign the petitioner for judgment and sentence.

 We now turn our attention to the facts of this case. In considering Cortez' petition for a writ of habeas corpus, the Riverside County Superior Court did not grant petitioner a hearing, did not appoint counsel for him or determine that he desired and was competent to represent himself, and did not order that he be brought in person before the court, but merely reviewed the record on file in the case and refused to strike the prior conviction.

The record before us discloses that petitioner was convicted in 1962 of four counts of selling or offering to sell heroin, a felony (§ 11501); that

handle petitions for habeas corpus challenging the validity of prior convictions. However, we have concluded in the case of petitioners seeking *Tenorio* relief that the sentencing court rather than the court of territorial jurisdiction should determine the existence of a prima facie case, since the sentencing court has the files which are necessary to determine the existence of a prima facie case in the *Tenorio* situation.

he had been previously convicted in 1958 of a narcotics felony, and that as a result of such previous conviction his 1962 sentence was augmented. In view of the fact that his petition had thus established a prima facie case, the proceedings had in the Superior Court of Riverside County manifestly denied petitioner the rights delineated in the preceding portions of this opinion.

The writ is granted and petitioner is remanded to the custody of the Superior Court of Riverside County with directions to that court to vacate its order of November 2, 1970, to issue an order to show cause why petitioner's prior conviction should not be stricken for purposes of sentencing, and to proceed in accordance with the views expressed herein.

Wright, C. J., McComb, J., Peters, J., Tobriner, J., Mosk, J., and Burke, J., concurred.

Respondent's petition for a rehearing was denied December 16, 1971.