[Crim. No. 17732. In Bank. May 7, 1975.]

THE PEOPLE, Plaintiff and Respondent, v.
FIDENCIO N. RUIZ, Defendant and Appellant.

[redacted]

### COUNSEL

J. W. Fleming, under appointment by the Supreme Court, for Defendant and Appellant.

Evelle J. Younger, Attorney General, Edward A. Hinz, Jr., Chief Assistant Attorney General, William E. James, Assistant Attorney General, Harley D. Mayfield and Karl J. Phaler, Deputy Attorneys General, for Plaintiff and Respondent.

### OPINION

**SULLIVAN, J.**—Defendant Fidencio N. Ruiz was charged by information with possession of heroin for sale in violation of former section

11500.5 (now § 11351) of the Health and Safety Code. A prior felony conviction of possession of narcotics was also alleged. At trial defendant admitted the prior conviction, and after a trial by jury was found guilty as charged. He was sentenced to state prison for the term prescribed by law. Defendant appeals from the judgment.

Although defendant did not raise the point in his briefs on appeal, the People with commendable candor point out in their brief that the jury was not instructed that the crime with which defendant was charged involves a specific intent to sell (see *People* v. *Newman* (1971) 5 Cal.3d 48, 54 [95 Cal.Rptr. 12, 484 P.2d 1356]) and that in order to find him guilty thereof it was required to find that he possessed such a specific intent. The People further concede that "[i]n the circumstances of this case where there is no direct evidence that appellant possessed the drugs with the purpose or intent to sell them, [1] it would appear that it is reasonably probable that a result more favorable to appellant would have been reached in the absence of the error. *People* v. *Watson* (1956) 46 Cal.2d 818, 836." However, in view of the direct evidence of defendant's possession of the heroin (as to which the jury was properly instructed), and in view of the absence of other substantial legal issues in the case, the People urge that we should exercise our power under sections 1181 and 1260 of the Penal Code and modify the judgment to reflect a conviction of possession of heroin in violation of former section 11500 (now § 11350) of the Health and Safety Code, and to affirm the judgment as so modified. (See *People* v. *Odle* (1951) 37 Cal.2d 52, 58-59 [230 P.2d 345].)

We are in substantial agreement with the People's position. The three contentions on appeal which relate to the jury's finding of illicit and knowing possession are palpably without merit.[2] The remaining conten-

---

[1]Defendant was arrested when officers seeking to detain him relative to a theft observed a wad of paper being ejected from his vehicle, which wad of paper was found to contain fourteen bindles or approximately one gram of heroin. An officer testified that although a person might possess the indicated amount of heroin for personal use, defendant had no paraphernalia for injection in his possession at the time of arrest; therefore, the officer was of the opinion that defendant possessed the heroin for sale. There was no further evidence on the issue of defendant's specific intent.

[2]The prosecution's refusal to accept a stipulation that defendant had knowledge of the nature of heroin, assigned here as misconduct, resulted in no prejudice to defendant; the questions by which the matter was established made no mention of any prior conviction, and no objection was made to them. The evidence was sufficient to establish possession of heroin: there was direct and firm testimony that he tried to dispose of the heroin (see fn. 1 *ante*), thus exercising dominion and control over it with knowledge of its presence, and as indicated above there was also evidence of his knowledge of its nature and character. Defendant did not object in the trial court to the court's discharge of a juror and substitution of an alternate, and he therefore may not raise that matter here.

tions all concern defendant's prior felony narcotics conviction and the effect to be given it. Thus, defendant contends that it was an abuse of discretion for the trial court to refuse to strike the prior conviction pursuant to *People* v. *Tenorio* (1970) 3 Cal.3d 89 [89 Cal.Rptr. 249, 473 P.2d 993]; that the failure of the sentencing judge to refer to the prior in the pronouncement of judgment renders use of that conviction to aggravate his sentence improper, citing *In re Candelario* (1970) 3 Cal.3d 702 [91 Cal.Rptr. 497, 477 P.2d 729]; and that the provisions of former section 11500 (now § 11350) of the Health and Safety Code precluding parole consideration for five years following a second felony narcotics conviction impose cruel and unusual punishment under the reasoning of *In re Foss* (1974) 10 Cal.3d 910 [112 Cal.Rptr. 649, 519 P.2d 1073], and must be declared unconstitutional. As we explain below, our disposition of this case renders it unnecessary to reach any of these contentions.

The sentencing proceedings in this case all took place in the context of the jury's finding that defendant was guilty of the crime of possession of heroin for sale. ▮ Although defendant's prior narcotics conviction rendered him technically ineligible for probation (Health & Saf. Code, § 11370), counsel's plea for probation status at the sentencing hearing was in effect a motion to strike the prior pursuant to *People* v. *Tenorio, supra,* 3 Cal.3d 89, and admit defendant to probation.[3] Thus, counsel pointed out to the court that the prior conviction had occurred in 1961, and that after being released from prison two years later defendant, a man with a wife and family, had had a good work record and had encountered no difficulties with the law. Counsel also observed that although the offense of which defendant stood presently convicted was possession for sale, there was no direct evidence of any sale and the only basis for the sale finding was expert evidence relative to the amount of heroin found in defendant's possession (see fn. 1, *ante*). In conclusion counsel urged that in view of the fact that a sentence to state prison would result in a minimum term of six years due to the prior conviction (see Health & Saf. Code, § 11351, subd. (b)), and in view of the devastating effect which this would have on defendant's personal and family life, mercy and justice required the granting of probation. The sentencing judge, however, denied the application—primarily because of the nature of the offense of

---

[3] "As the existence of a prior narcotics felony conviction flatly prohibits probation . . ., one of the paramount purposes of a motion to strike priors is to make the defendant eligible for probation. The thrust of the motion is to persuade the sentencing judge that, despite the existence of the prior, the petitioning prisoner is a fit subject for probation." (*In re Cortez* (1971) 6 Cal.3d 78, 85 [98 Cal.Rptr. 307, 490 P.2d 819].)

which defendant had been found guilty, i.e., possession of heroin *for sale*,[4] and defendant was sentenced to state prison.

In view of the fact that, for reasons stated above, defendant's conviction for possession of heroin for sale cannot be sustained but should be modified to a conviction for simple possession, we believe that defendant is entitled to a new probation hearing wherein the court may make a new judgment relative to his fitness for probation in light of the crime of which he now stands convicted. We find ample precedent for this procedure in our decisions in *In re Huddleston* (1969) 71 Cal.2d 1031 [80 Cal.Rptr. 595, 458 P.2d 507] and *In re Cortez, supra,* 6 Cal.3d 78.

In *Huddleston*, upon our determination that the sentencing court had improperly considered an invalid prior conviction which had the effect of rendering the defendant ineligible for probation, we concluded that the defendant was entitled to a redetermination of sentence in "a hearing in which the court can exercise its judgment upon the basis of a sound presentation of his legal status." (71 Cal.2d at p. 1037.) In *Cortez* we found this reasoning applicable to the situation where the sentencing court had operated under a statute which purported to limit the court's power to strike priors in narcotics cases without the approval of the prosecutor; on collateral attack following our *Tenorio* decision, which had held the subject statute unconstitutional on a fully retroactive basis, we held in *Cortez* that the defendant was entitled to a full hearing at which the sentencing court, aware of the comprehensive range of its constitutional discretion, could bring to bear all of its rational and intuitive powers upon the "sensitive appraisal of character" necessary to the determination of an appeal for probation. (6 Cal.3d at pp. 86-87.)

We are of course aware that in *Huddleston* and *Cortez* the erroneous conclusions of the respective sentencing courts relative to the effect of the

[4]The court's statement giving its reasons upon sentencing was as follows: "This is not an easy case for a judge to pass sentence on this man. He does have a family, young children, because they will be denied his presence in the home if he's incarcerated, but, on the other hand, a person that has narcotics or heroin or dangerous drugs and sells them to the people on the street, commits a serious crime in the eyes of this Court. Untold agony and misery is visited upon the individual who partakes of these narcotics or drugs and upon—not only upon that individual but his entire family, as a rule. This Court, as well as other Courts, must do something to at least attempt to drive the pushers from the streets so that there will be no more sales. I don't know whether that day will ever come or not but we can only hope that it will. Now, this man here has evidently not learned anything from his past experience. He was convicted once before, sent to state prison and the jury has found that he had in his possession 14 bindles of heroin for sale, so the Court feels that it must go along with the probation recommendation here. I see no other alternative."

prior convictions before them led those courts to the position that they were *absolutely precluded* from granting probation, whereas in the case at bar the sentencing court was not only aware of the scope of its discretion in the matter but clearly exercised that discretion in denying defendant probation. However, we do not believe that that distinction should lead to a different result in this case. As we have indicated (see fn. 4, *ante*, and accompanying text) the court in reaching its conclusion relied significantly if not wholly upon the fact that defendant stood before the bench convicted of possession of heroin *for sale*. That conviction, however, cannot stand; for reasons we have enumerated it must be modified to one of simple possession. In these circumstances defendant is now entitled to a new sentencing hearing "in which the court can exercise its judgment upon the basis of a sound presentation of his legal status." (*In re Huddleston, supra,* 71 Cal.2d 1031, 1037.)[5]

We by no means intend to imply or indicate by this decision that whenever a sentencing court bases its determination on a factual premise which later turns out to be erroneous the defendant is entitled to a new sentencing hearing. ■ We hold only that when as in this case the sentencing court bases its determination to deny probation in significant part upon an erroneous impression of the defendant's *legal* status, fundamental fairness requires that the defendant be afforded a new hearing and "an informed, intelligent and just decision" on the basis of the facts. (See *People* v. *Surplice* (1962) 203 Cal.App.2d 784, 791 [21 Cal.Rptr. 826].)

The judgment is reversed. The trial court is ordered to modify the verdict to provide that defendant is found guilty of one count of possession of heroin in violation of section 11350 of the Health and Safety Code, and to then proceed with resentencing in accordance with the views herein expressed.

Wright, C. J., McComb, J., Tobriner, J., Mosk, J., Clark, J., and Burke, J.,* concurred.

---

[5]We assume that the sentencing court, upon considering any renewed application for probation that defendant may make, will take into account not only his true legal status and his personal circumstances and background, but also the fact that he has served more than two years in state prison on the sentence we today set aside.

*Retired Associate Justice of the Supreme Court sitting under assignment by the Chairman of the Judicial Council.