Filed 1/3/22  P. v. Harrison CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Calaveras)

----

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>TANNER LEE HARRISON,<br><br>        Defendant and Appellant. | C094011<br><br>(Super. Ct. No. 20F7858) |

Defendant Tanner Lee Harrison appeals the sentence imposed following the trial court's determination he was presumptively ineligible for probation.  The People concede that remand is appropriate.  We agree and remand to the trial court for resentencing.

FACTUAL AND PROCEDURAL BACKGROUND

The substantive facts underlying the conviction are not relevant to our disposition and are therefore not recounted in detail.  It suffices to say that when defendant was 21 years old he committed several sexual offenses against N.H., a minor.

The District Attorney charged defendant with the following crimes:  seven counts of lewd acts on a minor (Pen. Code, § 288, subd. (a); counts 1-7)[1]; meeting a minor for

---

[1]  Undesignated statutory references are to the Penal Code.

1

lewd purposes (§ 288.4, subd. (b); count 8); sending sexual images to a minor (§ 288.2, subd. (a)(2); count 9); and dissuading a witness (§ 136.1, subd. (b)(1); count 10). Counts 1 through 7 were alleged as serious and violent felonies (§§ 667.5, subd. (c)(6), 1192.7, subd. (c)(6)) that involved substantial sexual conduct (§ 1203.066, subd. (a)(8)). Count 10 was also alleged to be a serious felony (§ 1192.7, subd. (c)(8)).

Defendant was arraigned, pleaded not guilty, and denied the enhancements. The trial court sentenced defendant to a term of seven years in state prison as follows: six years for committing lewd acts on a minor and a consecutive one year for meeting a minor for lewd purposes (one-third the midterm).

At the time of the offense, defendant was on probation for a misdemeanor offense involving sexual intercourse with a minor. The probation report noted that defendant did not have any prior felony convictions, but indicated he was presumptively ineligible for probation. In imposing sentence, the trial court relied on the probation report and found defendant presumptively ineligible for probation. Specifically, the trial court stated that "from the standpoint of the court's position on probation, the court's going to adopt the recommended position on probation . . . and find that the defendant is not eligible for probation. He is not. I don't—ultimately I don't believe that the presumption has been met in the sense—that it has not. There's just not enough that's been presented to the court to overturn that burden or overturn that presumption." (*Ibid*.)

## DISCUSSION

Defendant argues that the trial court erroneously found him presumptively ineligible for probation because he did not have a qualifying felony conviction under section 1203, subdivision (e)(5). The People agree.

We conduct de novo review in deciding whether the trial court properly found the defendant presumptively ineligible for probation. (*People v. Nuno* (2018) 26 Cal.App.5th 43, 49-50.) "Where a court 'bases its determination to deny probation in significant part

upon an erroneous impression of the defendant's legal status, fundamental fairness requires that the defendant be afforded a new hearing and "an informed, intelligent and just decision" on the basis of the facts.' " (*Ibid.,* quoting *People v. Ruiz* (1975) 14 Cal.3d 163, 168, italics omitted.) Only if the trial court properly finds defendant ineligible for probation do we consider the trial court's exercise of discretion in denying probation. (*Id.* at p. 50.)

Section 1203, subdivision (e)(5) establishes presumptive ineligibility for parole for those who have committed specified felonies. Although defendant was on probation for a misdemeanor sex offense, he had no prior felony convictions. Accordingly, the trial court erred when it found defendant presumptively ineligible for probation under section 1203, subdivision (e)(5). The trial court then denied probation based on defendant's failure to overcome the presumption. Thus, the trial court's denial of probation was based in significant part on an erroneous impression of defendant's legal status and fairness requires we remand for a new sentencing hearing.

### DISPOSITION

The sentence is vacated and the matter is remanded for resentencing.

 

HULL, P. J.

We concur:

HOCH, J.

KRAUSE, J.