Filed 5/16/22  P. v. Jensen CA1/5

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br>v.<br><br>MATTHEW JENSEN,<br><br>    Defendant and Appellant. | A162188<br><br>(Del Norte County<br>Super. Ct. No. CRF209314) |

Defendant and appellant Matthew Jensen (appellant) appeals from the trial court's judgment sentencing him to four years in prison after he pleaded guilty to committing a battery causing serious bodily injury (Pen. Code § 243, subd. (d)).[1]  He contends the trial court erred in concluding he was ineligible for probation.  We conclude the court erred, but the error was harmless because the court expressly stated it would have denied probation if appellant had been eligible.  On remand, we direct the court to correct the abstract of judgment in several respects.

### BACKGROUND

In September 2020, the Del Norte County District Attorney filed an information alleging appellant committed assault by means of force likely to

_____

[1] All undesignated statutory references are to the Penal Code.

produce great bodily injury (§ 245, subd. (a)(4); count one); second degree robbery (§ 211; count two); battery causing serious bodily injury (§ 243, subd. (d); count three); criminal threats (§ 422; count four); and simple battery (§ 242; count five).  As to counts one and two, the information alleged that appellant personally inflicted great bodily injury (§ 12022.7, subd. (a)).

According to the testimony at the preliminary hearing, the charges arose out of an August 2020 incident during which appellant and his brother approached the victim, who was sitting on a park bench in Crescent City watching videos on his cell phone.  One of the men asked the victim where he was from and then began to punch the victim in the head and face.  The assailants took the victim's cell phone and backpack.  The victim suffered fractures around his eye and a nose fracture.

In November 2020, appellant pleaded guilty to count three, battery causing serious bodily injury, in exchange for the dismissal of the balance of the counts and allegations.  Appellant did not admit the offense was a serious felony.  There was no agreed-upon sentence.

In January 2021, the trial court denied probation and sentenced appellant to the upper term of four years.  This appeal followed.

DISCUSSION

I.    *The Trial Court's Ruling Regarding Probation*

When appellant pleaded guilty to battery causing serious bodily injury, he acknowledged on his plea form that he was presumptively ineligible for probation.  Before the trial court took appellant's plea, defense counsel acknowledged the same.

At the sentencing hearing, defense counsel argued the presumption against probation was overcome because of appellant's youth (he was 22 at the time of the hearing) and because appellant's cognitive and mental health

2

problems mean he has "significantly reduced culpability" for the crime. She commented, "I agree that the crime was horrific . . . but it doesn't change the fact that my client has significant cognitive disabilities and mental health issues." She argued appellant could benefit from the mental health treatment available on probation. Appellant's aunt read a letter into the record in which she described appellant's difficult personal and family history, involving mental illness and substance abuse.

The trial court also heard from the probation officer, who recommended that appellant's conduct "absolutely warrants a period of incarceration." He told the court that appellant was on felony supervision in San Bernardino when he committed the current offense, and that appellant did not even have permission to be in Del Norte County. Regarding appellant's claim that he committed the battery due to mental illness, the probation officer observed that appellant had not engaged with previous attempts to assess and treat his mental health. The probation officer stated, "If someone has a substance abuse problem and refuses to get treatment and doesn't know what they are doing, they are capable of doing anything at that point, this inherently shows they are a danger to the community and themselves." The probation officer also commented on the severity of the victim's injuries, observing that in a photograph "you can see blood from the facial injuries running down the bench."

The prosecutor argued against probation, emphasizing the severity of the victim's injuries and appellant's past performance on probation. The prosecutor emphasized that appellant had previously been granted probation on five occasions and that he had violated probation 11 times. The prosecutor also argued appellant was ineligible for probation under section 1203, subdivision (k) because he committed a serious felony while on probation for

another offense.[2]  The prosecutor pointed out that section 243, subdivision (d) is a serious felony where the defendant personally inflicted great bodily injury.

The trial court ruled appellant was ineligible for probation under section 1203, subdivision (k).  Nevertheless, the court proceeded to address whether appellant had overcome the presumption against probation.  The court stated that, even though it "appear[ed]" appellant was not eligible, the court would "make the analysis regardless just in case."  The court observed that the facts of the case were "egregious.  It was an individual that no one knew, they arbitrarily decided to attack him and break his skull and take a phone for some unknown reason."  The court also referenced appellant's failures during previous periods of supervision and the absence of any "psychiatric or psychological expert reports or evidence."  The court emphasized appellant's multiple violations of probation and commented, "At some point, one must say enough is enough."  The court stated in conclusion that, even if appellant had been eligible for probation, "I don't have the evidence in front of me to overcome the presumption and it would have been denied."

II.   *Analysis*

Appellant contends the trial court erred in concluding he was ineligible for probation under section 1203, subdivision (k).  Specifically, he argues the battery was not a serious felony because he did not admit he personally

---

[2] Section 1203, subdivision (k) provides, "Probation shall not be granted to, nor shall the execution of, or imposition of sentence be suspended for, any person who is convicted of a violent felony, as defined in subdivision (c) of Section 667.5, or a serious felony, as defined in subdivision (c) of Section 1192.7, and who was on probation for a felony offense at the time of the commission of the new felony offense."

caused the victim's injuries.  We agree.  For a battery causing serious bodily injury to constitute a serious felony, a defendant must have *personally* inflicted the injury.  (§ 1192.7, subd. (c)(8) [defining a " 'serious felony' " to include "any felony in which the defendant personally inflicts great bodily injury on any person, other than an accomplice"]; *People v. Bueno* (2006) 143 Cal.App.4th 1503, 1508 ["to establish that the battery was a serious felony the People were required to show that [the defendant] *personally* inflicted the injury, rather than that he aided and abetted another"].)  In the present case, appellant did not admit the battery was a serious felony at the time of the plea.  (See *Bueno*, at pp. 1508–1510.)  Neither did appellant admit he personally inflicted the victim's injuries, and, given that there was a co-assailant, it was not necessarily the case that he did so.  (Cf. *People v. Moore* (1992) 10 Cal.App.4th 1868, 1871 [trial court properly found the defendant personally inflicted injury in prior offense where the defendant was the only person charged].)  Accordingly, the trial court erred in concluding appellant was ineligible for probation under section 1203, subdivision (k).

Appellant asks this court to reverse and remand for resentencing, arguing the trial court misunderstood the scope of its discretion.  Appellant relies on the Supreme Court's decision in *People v. Ruiz* (1975) 14 Cal.3d 163, 168, but that case is readily distinguishable.  There, the court held that, due to instructional error, the defendant's conviction for possession of heroin for sale should be modified to a conviction for simple possession.  (*Id.* at pp. 165, 168.)  The court concluded it was appropriate to remand for reconsideration of the trial court's probation determination, given that the trial court made its prior decision based on the assumption the conviction was for possession for sale.  *Ruiz* explained, "As we have indicated . . . the court in reaching its conclusion relied significantly if not wholly upon the fact that defendant stood

5

before the bench convicted of possession of heroin *for sale*. That conviction, however, cannot stand; for reasons we have enumerated it must be modified to one of simple possession. In these circumstances defendant is now entitled to a new sentencing hearing 'in which the court can exercise its judgment upon the basis of a sound presentation of his legal status.' " (*Id.* at p. 168.)

In the present case, our conclusion the trial court erred in concluding appellant was ineligible for probation in no way changes the factors relevant to the determination whether appellant overcame the presumption against probation. And, as explained previously, the trial court already expressly and thoughtfully found appellant failed to overcome that presumption. Appellant does not dispute he was presumptively ineligible, argue the court misunderstood the scope of its discretion *in making that alternate finding*, or contend the finding was an abuse of discretion. (*People v. Stuart* (2007) 156 Cal.App.4th 165, 178.) There is no basis to remand for an exercise of discretion the court has already made, apparently precisely because the court was not certain it was correct appellant was statutorily ineligible for probation. The court expressed no uncertainty about the appropriateness of probation, declaring, "At some point, one must say enough is enough." (See *People v. Gutierrez* (1996) 48 Cal.App.4th 1894, 1896 ["no purpose would be served in remanding for reconsideration" where trial court indicated it would not exercise its discretion to strike a prior conviction if it had such discretion]; cf. *People v. Billingsley* (2018) 22 Cal.App.5th 1076, 1081 ["the record does not 'clearly indicate' the court would not have exercised discretion to strike the firearm allegations had the court known it had that discretion"].)

Accordingly, the trial court's error in concluding appellant was ineligible for probation was harmless.

6

III.    *Correction of the Abstract of Judgment*

Appellant also requests that this court correct the abstract of judgment in two respects.  (See *People v. Mitchell* (2001) 26 Cal.4th 181, 186–187 [appellate courts may correct errors in the abstract of judgment].)  The request has merit.

First, there is a box with an "X" on the abstract of judgment indicating appellant's conviction for battery causing serious bodily injury is a serious felony.  As explained above, the record does not demonstrate the battery in the present case was a serious felony.  We will direct that the abstract of judgment be corrected to remove the "X" mark.

Second, the abstract of judgment fails to state that certain fines and fees were stayed.  In particular, based on appellant's inability to pay, the trial court at sentencing stayed the restitution fee (§ 1202.4), the court operation assessment (§ 1456.8), and the conviction assessment (Govt. Code, § 70373).  We will direct that the abstract of judgment be corrected to reflect that those fines and fees were stayed by the trial court.

## DISPOSITION

The case is remanded to the trial court with directions to prepare a corrected abstract of judgment that (1) removes the "X" from the box indicating that appellant's conviction for battery causing serious bodily injury is a serious felony, and (2) indicates that the fines and fees under section 1202.4, section 1456.8, and Government Code section 70373 are stayed.  The trial court is further directed to send the corrected abstract of judgment to the Department of Corrections and Rehabilitation.  In all other respects, the judgment is affirmed.

7

_____
SIMONS, J.

We concur.

_____
JACKSON, P. J.

_____
BURNS, J.

(A162188)