Filed 5/13/24  P. v. Gentile CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

| | |
|---|---|
| THE PEOPLE, | 2d Crim. No. B323686 |
| Plaintiff and Respondent, | (Super. Ct. No. 16F-00410) |
| | (San Luis Obispo County) |
| v. | |
| JEFFREY PAUL GENTILE, | |
| Defendant and Appellant. | |

Jeffrey Paul Gentile was convicted in a jury trial of possessing child pornography.  The jury also found true the allegation that he possessed more than 600 images and 10 or more showed children under the age of 12 years.  (Pen. Code § 311.11, subds. (a), (c).)  The trial court suspended the imposition of sentence and placed appellant on probation on certain terms and conditions, including the service of 180 days in jail.

He appeals contending: 1. The trial court committed error and violated appellant's state and federal constitutional rights by instructing the jury with CALCRIM No. 1191A.  2. The trial court committed error and violated appellant's fourteenth amendment

right to due process and a fair trial when it allowed the prosecutor to admit other images found on appellant's computer. 3. The errors "cumulatively" deprived appellant of due process of law pursuant to both federal and state constitutions.

As we shall explain, the first contention is waived and even on the merits, fails. And, as to this contention, appellant was not deprived of the effective assistance of counsel. As to the second contention, the trial court did not abuse its discretion in admitting other images on his computer. As to the third contention, there are no errors to "accumulate."

*Factual Background*

We view the evidence in the light most favorable to the judgment as is required by the familiar rule governing appellate review. (E.g., *People v. Johnson* (1980) 26 Cal.3d 557, 575-578.) Detectives from the Arroyo Grande Police Department and the San Luis Obispo Sherrif's office were alerted to a computer at appellant's residence because the computer had access to "BitTorrent," a computer site that includes child pornography. Pursuant to search warrants, the police seized the computer from appellant's bedroom and found 42 videos with the child pornography images. They also found two images relating to "explicit content."[1] Expert testimony was admitted that child pornography cannot have been found on appellant's computer without someone consenting that it be sent to the computer.

---

[1] The phrase "explicit content" is chosen by appellant's counsel. It refers to an anthropomorphic cartoon image of a fox with an erect human penis and a second image of the fox bent over. Appellant's username on the computer was "Liero." He named the first image of the fox with an erect penis as "Lierocock." He named the second image of the fox bent over as "Lierobutt."

2

Appellant testified in his own behalf.  He insisted that he did not knowingly possess these images and they were, somehow, placed on his computer without his knowledge and consent.

*Discussion*

As indicated, appellant's first contention is waived on appeal and even on the merits, the contention fails.  CALCRIM No. 1191A provides:  "The People presented evidence that the defendant committed the crime of possessing matter that shows a minor engaged in or simulating sexual conduct at times that were not charged in this case.  The crime is defined for you in these instructions.  [¶]  You may consider this evidence only if the People have proved by a preponderance of the evidence that the defendant in fact committed the uncharged offense.  Proof by a preponderance of the evidence is a different burden of proof from proof beyond a reasonable doubt.  A fact is proved by a preponderance of the evidence if you conclude that it is more likely than not that the fact is true.  [¶]  If the People have not met this burden of proof, you must disregard this evidence entirely.  [¶]  If you decide that the defendant committed the uncharged offense, you may, but are not required to, conclude from that evidence that the defendant was disposed or inclined to commit sexual offenses, and based on that decision, also conclude that the defendant was likely to commit [the crime] of possessing matter that shows a minor engaged in or simulating sexual conduct, as charged here.  If you conclude that the defendant committed the uncharged offense, that conclusion is only one factor to consider along with all the other evidence.  It is not sufficient by itself to prove that the defendant is guilty of possessing matter that shows a minor engaged in or simulating

3

sexual conduct.  The People must still prove the charge beyond a reasonable doubt."

"Failure" to, or "election" not to object precludes consideration on the merits.  (E.g., *People v. Guiuan* (1998) 18 Cal.4th 558, 570.)  This is a standard instruction and is a correct statement of California law.  It is presumed that the jury understood and correctly applied this law.  Contrary to appellant's claim, this is not confusing even though it makes reference to two separate standards of proof.  Any confusion could have been addressed at the trial level by defense counsel seeking a clarifying instruction.

Additionally, there is no ineffective assistance of counsel for not objecting to the instruction, and appellant suffered no prejudice from the instruction.  (See *Strickland v. Washington* (1984) 466 U.S. 668, 697.)  This case was a simple credibility contest and appellant was convicted because the People factually and legally proved its case.  Had the jury believed appellant, they would have acquitted him.  The case did not "turn" on CALCRIM No. 1191A.

Appellant's second contention is also without merit.  The trial court did not abuse its discretion in admitting the "explicit content" images from appellant's website to impeach his testimony.[2]  The rules on abuse of discretion are well known and need not be repeated.  (See, e.g., *In re Cortez* (1971) 6 Cal.3d 78, 85-86.)

Here, appellant testified that he had no idea that the child pornography images were on his computer.  He also testified there was "nothing adult" on his website.  Possession of "explicit

_____

[2] The trial court excluded images depicting adult pornography.

4

content" images of an erect penis and a butt, even if they were upon the body of an anthropomorphic fox, had relevance to appellant's credibility, i.e., his sweeping denial of having any pornographic or sexually explicit images or videos on his computer.

As to the third contention, there are no errors to accumulate. (See *People v. Seaton* (2001) 26 Cal.4th 598, 691-692.)

*Disposition*

The judgment (order granting probation) is affirmed.

NOT TO BE PUBLISHED.


YEGAN, J.


We concur:


GILBERT, P. J.


CODY, J.

5

Jacquelyn H. Duffy, Judge

Superior Court County of San Luis Obispo

_____

Jennifer A. Mannix, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Steven D. Matthews, Supervising Deputy Attorney General, J. Michael Lehmann, Deputy Attorney General, for Plaintiff and Respondent.