[No. B098599. Second Dist., Div. Seven. Oct. 28, 1997.]

THE PEOPLE, Plaintiff and Respondent, v.
AN THANH VONG, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of parts enclosed by brackets {FACTUAL AND PROCEDURAL BACKGROUND, and DISCUSSION parts 1. through 5.}.

**COUNSEL**

Julie Sullwold Hernandez, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Carol Wendelin Pollack, Assistant Attorney General, Susan D. Martynec and Barbara B. Dayvault, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

NEAL, J.—

### SUMMARY

In this criminal appeal, we affirm the jury's conviction of defendant and appellant An Thanh Vong of possession of cocaine and the court's subsequent findings that appellant suffered two prior felony convictions. Substantial evidence supports appellant's conviction and the prior conviction findings. The trial court adequately and properly responded to the jury's

questions during deliberation. Appellant's two prior robbery convictions from a single case were properly treated as two separate "strikes" for purposes of the "Three Strikes" sentencing law. The trial court's initial error in computing presentence good conduct credits was corrected before this appeal.

However, since the trial court incorrectly believed it lacked discretion to strike prior convictions under the Three Strikes law, we remand for a new sentencing hearing at which the court shall exercise its discretion.

{FACTUAL AND PROCEDURAL BACKGROUND}*

DISCUSSION

{1.-5.}*

6. *The case must be remanded for a hearing on defendant's motion to dismiss strikes.*

During the pendency of this appeal, the Supreme Court determined that trial courts have discretionary power to dismiss allegations of prior felony convictions which otherwise would require substantial sentence enhancements under the Three Strikes law. (*People* v. *Superior Court* (*Romero*) (1996) 13 Cal.4th 497, 529-530 [53 Cal.Rptr.2d 789, 917 P.2d 628].) This power is conferred by Penal Code section 1385, which empowers a court to grant a motion to dismiss a criminal action in furtherance of justice. The *Romero* holding was expressly made retroactive. (13 Cal.4th at p. 530 fn. 13.)

The trial court here, imposing sentence before *Romero*, stated that it lacked power to dismiss allegations of prior serious felony convictions. The court did not say how it would have used such power had it possessed it.

Where a trial court ruled at the time of sentencing that it lacked power to dismiss prior convictions or strikes, the appellate court must remand to the trial court for further proceedings. (*People* v. *Fuhrman* (1997) 16 Cal.4th 930, 944 [67 Cal.Rptr.2d 1, 941 P.2d 1189].)

"*Romero* establishes that where the record affirmatively discloses that the trial court misunderstood the scope of its discretion [to dismiss prior convictions], remand to the trial court is required to permit that court to impose sentence with full awareness of its discretion as clarified by *Romero*." (16 Cal.4th at p. 944.)

---

*See footnote, *ante*, page 1063.

Accordingly, we will remand this case for the trial court to entertain defendant's motion to dismiss one or more strikes under Penal Code section 1385.

Further, for the trial court's guidance we specifically hold that upon remand the trial court must conduct a hearing on defendant's motion, with defendant present and represented by counsel.[4] *Fuhrman* does not require such a hearing in so many words. However, the relevant provisions of the Penal Code, the Supreme Court's earlier decision in *In re Cortez, supra,* 6 Cal.3d 78, *Fuhrman*'s treatment of *Cortez,* and the rationale of *Fuhrman,* all support our conclusion that such a hearing is required.

Penal Code section 977, subdivision (b)(1), specifically requires that defendants in felony cases shall be personally present at arraignment, preliminary hearing, evidence-taking sessions of trial, and imposition of sentence. It further requires that defendant be personally present "*at all other proceedings,*" (italics added) unless this right is waived by a written waiver executed in open court. Defendant's motion to dismiss a strike under Penal Code section 1385 is an "other proceeding" at which defendant's personal presence is required.

The Supreme Court's decision in *In re Cortez, supra,* 6 Cal.3d 78, and the treatment of this decision in *Fuhrman,* point to the necessity of a hearing with defendant and counsel present in *Romero* remand cases. *Cortez* arose in circumstances strikingly similar to *Romero.* Mr. Cortez had been convicted of a narcotics felony, and his sentence had been enhanced based on a prior narcotics conviction. Health and Safety Code former section 11718, in effect when Cortez was sentenced, forbade the trial court from dismissing, except on the district attorney's motion, allegations of the information which supported the enhancement. This "statute operated to prevent the court from dismissing prior convictions without previous approval of the prosecutor." (6 Cal.3d at p. 82.)

After Mr. Cortez was sentenced, the Supreme Court decided *People* v. *Tenorio* (1970) 3 Cal.3d 89 [89 Cal.Rptr. 249, 473 P.2d 993], holding Health and Safety Code former section 11718 unconstitutional, and making this decision fully retroactive.

Thereafter, Mr. Cortez filed a habeas corpus petition seeking relief from his sentence enhancement under *Tenorio.* The trial court denied this relief in

---

[4]The question of the nature of proceedings required on remand is not specifically raised by the parties, but will confront the trial court immediately upon receipt of this opinion. It is therefore proper and useful for us to address the appropriate procedure, "[f]or the guidance of court and counsel in this case and in similar cases." (*In re Cortez* (1978) 6 Cal.3d 78, 88 [98 Cal.Rptr. 307, 490 P.2d 819].)

an order which acknowledged that *Tenorio* had given power to strike the enhancing allegations, then recited that the court had reviewed its file and determined not to modify the sentence. The order was rendered without appointing counsel for Cortez, and without a hearing with Cortez present.

A unanimous Supreme Court reversed and held that Cortez "[was] entitled to a hearing on his petition at which he is present in person and represented by counsel." (*In re Cortez, supra,* 6 Cal.3d at p. 88.) As the court explained: "The trial judge's decision as to whether or not he should strike a prior narcotics conviction for purpose of sentencing a defendant arraigned for judgment on a subsequent narcotics felony conviction substantially affects the rights of the defendant, since the proven or admitted prior [offense] flatly prohibits probation, increases the period in prison during which release on parole is forbidden, and greatly lengthens the overall sentence. Thus, an opportunity to persuade a sentencing judge to exercise his discretion to strike a prior conviction in the interests of justice is extremely important to such defendants." (*Id.* at pp. 83-84, fns. omitted.)

In *Fuhrman* the court specifically ruled that *Cortez* did not require a new, plenary sentencing hearing in "silent record" Three Strikes cases where the trial court did not expressly disavow power to dismiss strikes. (*People v. Fuhrman, supra,* 16 Cal.4th 930, 946, fn. 10.) Instead, the court concluded that defendant could seek modification of his sentence only by a habeas corpus petition demonstrating grounds for dismissal of a prior conviction, and that the trial court was empowered to summarily deny the petition if grounds were not shown, or to issue an order to show cause.

However, *Fuhrman* did not overrule *Cortez,* nor did *Fuhrman* suggest that something less than a hearing with defendant and counsel present was permissible in those cases where *Romero* requires a remand to entertain a motion under Penal Code section 1385. Thus *Fuhrman,* in establishing an exception to *Cortez,* implicitly affirmed its continuing viability in other circumstances.

*Fuhrman*'s rationale further supports our conclusion that a hearing with defendant and counsel present is required following a *Romero* remand. The *Fuhrman* court reasoned that in many (most?) "silent record" cases no motion to dismiss strikes was made or mentioned because all parties concerned knew there was no "realistic possibility" of dismissal of a strike.[5]

In contrast, there is every likelihood that a trial court which expressly disavowed power to dismiss a strike did so in response to a defense motion

---

[5]As the court pointed out, "remand en masse" of prisoners in "silent record" cases, without regard to the likelihood of dismissal of a strike, would require transportation of numerous

for such relief. Otherwise, the trial court had no occasion to disclaim the power to do so.. In these cases defense counsel presumably requested dismissal of a strike based on a judgment that factors in the defendant's record arguably supported such a request. Thus it is probable that the cases where the trial court disclaimed power to dismiss strikes are precisely those cases where the best arguments can be made for doing so.[6]

*Fuhrman* permits an alternative procedure, not necessarily requiring a hearing, only in a class of cases where a meritorious motion to dismiss a strike is less likely. We can infer that the *Fuhrman* court intended to retain the fuller protections of hearing with defendant and counsel in attendance in cases where a motion to dismiss strikes might more likely have merit, i.e., in cases where such a motion was previously made, but denied based on the trial court's belief that it lacked the requisite power.

## DISPOSITION

Defendant's conviction is affirmed. The case is remanded to the trial court for hearing on a motion to dismiss one or more of the prior convictions alleged for the purpose of sentence enhancement under the Three Strikes law. If the motion to dismiss a strike is granted, then the court shall resentence and impose such new and modified sentence as is appropriate with the prior conviction dismissed. If the motion to dismiss a strike is denied, then the sentence previously imposed shall remain in force.

Johnson, Acting P. J., and Woods, J., concurred.

A petition for a rehearing was denied November 20, 1997, and the petitions of both respondent and appellant for review by the Supreme Court were denied February 3, 1998.

---

prisoners from around the state, an expensive and somewhat hazardous process, and would needlessly consume judicial resources.

[6]Of course, the mere fact that defendant moved to dismiss a strike is not tantamount to a legally or factually sufficient basis for doing so, and we do not intimate what the trial court should do in this case, nor suggest any presumption that such motions in general will have merit.