[No. B113626. Second Dist., Div. Four. Feb. 25, 1998.]

In re JEROME WYATT BARFOOT on Habeas Corpus.

**COUNSEL**

Michael P. Judge, Public Defender, Albert J. Menaster, Joel Koury, Alex Ricciardulli and Paula Montez, Deputy Public Defenders, for Petitioner.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Carol Wendelin Pollack, Assistant Attorney General, William T. Harter and Douglas L. Wilson, Deputy Attorneys General, for Respondent.

**OPINION**

**VOGEL (C. S.), P. J.—**

### INTRODUCTION

This habeas corpus petition raises an issue of the "Three Strikes" law. It involves a defendant sentenced by a trial court which believed it had no discretion to strike the prior conviction. Because defendant's appeal had been adjudicated *before* the California Supreme Court concluded that a trial court retained the discretion to strike Three Strikes prior convictions, defendant filed a habeas corpus petition in the trial court requesting a resentencing hearing at which he and counsel would be present. The trial court summarily denied the petition in the absence of defendant and counsel. We conclude that because defendant established a prima facie case for relief—the trial court's belief at the time he was originally sentenced that it had no discretion

to strike his prior conviction—he is entitled to a hearing in the trial court at which he and counsel can participate. We therefore grant the requested relief.

## FACTUAL AND PROCEDURAL BACKGROUND

### A. The Trial

Based on the following facts, a jury convicted defendant Jerome Wyatt Barfoot of second degree robbery.

On April 13, 1994, defendant entered an Albertson's market. He went to the liquor department, removed two bottles of Jack Daniels, placed them under his clothes, and left the store. Outside of the store, two employees confronted him and asked him to return the merchandise. Defendant handed over one bottle but then withdrew the second bottle and threatened one of the employees with it, stating: "I'm going to smash this upside your head." Defendant began to run away. When the market's employees caught up with him, he again brandished the bottle as though to hit them. The employees soon subdued him.

After the jury returned its verdict, the court found true the allegation that defendant had been convicted in 1988 of residential burglary. The conviction had been alleged pursuant to the Three Strikes law (Pen. Code, § 667, subds. (b) through (i))[1] and the sentencing enhancement provisions of section 667, subdivision (a).

### B. The Sentencing Hearing

Defendant's sentencing hearing was conducted in July 1994, a mere four months after the first Three Strikes law became effective.

The probation report reviewed defendant's criminal history. In 1986 and 1987, he had been convicted of the misdemeanor offense of being drunk in public. In 1988, he was convicted of residential burglary, the prior conviction alleged pursuant to the Three Strikes law and found to be true. Defendant served a two-year state prison sentence for the burglary conviction. Defendant was discharged from parole in 1991 and had not been arrested until the April 1994 robbery.

The probation report recommended the midterm. It listed three circumstances in aggravation: (1) the crime involved the threat of great bodily

---

[1] All subsequent statutory references are to the Penal Code.

harm; (2) the manner in which the crime was carried out indicated premeditation; and (3) defendant's prior convictions were numerous or of increasing seriousness. The report listed one circumstance in mitigation: Defendant's prior performance on parole had been good.

At the beginning of the sentencing hearing, defense counsel asked the court to strike the last two circumstances in aggravation recited by the probation report. The court did so, finding that neither was supported by the record.

Defense counsel then proceeded to argue that the prior conviction for burglary could not be used both to double the base term and to enhance the sentence. The court rejected this argument. The prosecutor asked for imposition of the middle term. The court disagreed. It sentenced defendant as follows: "I'll impose the low-term, and the reason for imposing the low-term is his minimal past history of criminal behavior. *And pursuant to 667(b) through (i), I am required to double that term, which would make it four years in the state prison.* The court is authorized to impose an additional five years pursuant to 667.5(a) [*sic*] having been pled and proved. The court will impose that five years, for an aggregate term of prison of nine years in the state prison."[2] (Italics added.)

## C.  *Defendant's Appeal*

Defendant's appeal raised only one contention: that his prior conviction could not be used both to double the base term and to enhance his sentence. In a nonpublished opinion filed in June 1995, we rejected the contention, relying upon several recent cases from the Courts of Appeal. (*People* v. *Barfoot, supra,* B086887.)

The California Supreme Court denied defendant's subsequent petition for review.

## D.  *Defendant's Habeas Corpus Petition in the Trial Court*

In May 1997, defendant, represented by the public defender's office, filed in the trial court a petition for writ of habeas corpus. Relying upon *People* v. *Superior Court (Romero)* (1996) 13 Cal.4th 497 [53 Cal.Rptr.2d 789, 917 P.2d 628], he sought a hearing, which he and counsel would attend, to have the trial court reconsider his sentence.

---

[2]The transcript of the sentencing hearing is contained in the file lodged for defendant's appeal, *People* v. *Barfoot* (June 30, 1995) B086887 (nonpub. opn.). We take judicial notice of the contents of that file. (Evid. Code, § 452, subd. (d)(1).)

The verified petition alleged: "Since the record here does not reflect that this court was aware that it had Penal Code section 1385 discretion, nor that it would not have used its Penal Code section 1385 discretion, petitioner must be brought back for reconsideration of his sentence." The petition presented to the trial court did not attach as an exhibit a transcript of the sentencing hearing.

Because Judge LaFont—the judge who had presided at defendant's trial and had sentenced him—had since retired, the petition was assigned to Judge Ferrari. Several weeks later, Judge Ferrari issued the following minute order: "Defendant not present, and was not represented by counsel. [¶] The court has read and considered the petition for writ of habeas corpus and the court file, and, based thereon the writ is denied. Notwithstanding the decision in *People* v. [*Superior Court (Romero)*], the court does not elect to exercise its discretion now, nor would it have so elected at the time of sentencing. The sentence imposed is appropriate based upon the nature of the present offense and the prior offense. Therefore the petition does not contain sufficient grounds to justify the relief sought."

E.   *Defendant's Habeas Corpus Petition in the Court of Appeal*

Defendant then filed the instant petition with this court. We issued an order to show cause why the trial court should not be compelled to conduct a hearing at which he and counsel could be present and argue the issue of whether the trial court should exercise its discretion to strike the prior conviction.

### DISCUSSION

Resolution of this petition requires review of three recent decisions from the California Supreme Court.

*People* v. *Superior Court (Romero)*, *supra,* 13 Cal.4th 497, held that the trial court retained discretion under section 1385 to strike prior convictions alleged under the Three Strikes law. The holding is fully retroactive. In regard to defendants where relief on appeal was no longer available, the court stated that those individuals "may file a petition for habeas corpus to secure reconsideration of the sentence. Such a petition should be filed in the sentencing court. [Citation.] Such a petition may be summarily denied if the record shows that the sentencing court was aware that it possessed the

discretion to strike prior felony conviction allegations without the concurrence of the prosecuting attorney and did not strike the allegations, or if the record shows that the sentencing court clearly indicated that it would not, in any event, have exercised its discretion to strike the allegations. [Citation.]" (13 Cal.4th at p. 530, fn. 13.)

*People* v. *Fuhrman* (1997) 16 Cal.4th 930 [67 Cal.Rptr.2d 1, 941 P.2d 1189] addressed the issue of whether a Three Strikes defendant sentenced prior to the rendering of the *Romero* decision was entitled on appeal to have the matter remanded for reconsideration of sentencing if the record was silent as to whether the trial court believed it retained discretion to strike a prior conviction. The court concluded: "[I]n the absence of any affirmative indication in the record that the trial court committed error or would have exercised discretion under section 1385 to strike the prior conviction if it believed it had such discretion, relief on appeal is not appropriate." (*Id.* at p. 945.) The court noted such a defendant was not without a remedy. "A defendant in such a case is free to file a petition for writ of habeas corpus in the sentencing court, setting forth the circumstances that would support setting the matter for a new sentencing hearing and striking one or more prior serious or violent felony convictions pursuant to the provisions of section 1385. In the event the sentencing court concludes that the petition filed by such a defendant has possible merit, the court may seek an informal response from the People or issue an order to show cause. *If, on the other hand, the court concludes that the petition fails to establish any basis upon which to invoke its discretion under section 1385, the court may summarily deny the petition.*" (*Id.* at p. 946.) In a footnote to that text, the court explained: "Unlike the procedure prescribed in *In re Cortez* (1971) 6 Cal.3d 78, 88-89 [98 Cal.Rptr. 307, 490 P.2d 819], with regard to persons seeking relief on habeas corpus under this court's then recent decision in *People* v. *Tenorio* (1970) 3 Cal.3d 89 [89 Cal.Rptr. 249, 473 P.2d 993], we do not believe that a new sentencing hearing is required in every case in which a defendant was sentenced under the Three Strikes law prior to our decision in *Romero* and where the record is silent as to whether the trial court misunderstood the scope of its discretion under section 1385. In the present context, we conclude that a defendant's rights will be fully and adequately protected by affording the defendant an opportunity to file a petition for writ of habeas corpus in the sentencing court setting forth the circumstances that the defendant contends warrant the striking of one or more prior convictions in furtherance of justice under section 1385, and *by having the sentencing court issue an order to show cause if that court finds that the petition has possible merit.*" (16 Cal.4th at p. 946, fn. 10, italics added.)

In *People* v. *Rodriguez* (1998) 17 Cal.4th 253 [70 Cal.Rptr.2d 334, 949 P.2d 31],[3] the court addressed a narrow situation: where the record on appeal *affirmatively* indicates the trial court believed it lacked discretion to strike Three Strikes priors and the contention was being raised on appeal. In that situation, it was conceded that *Romero* and *Fuhrman* required the appellate court to remand the matter for a new sentencing hearing. The question was whether the defendant and counsel had the right to attend such a hearing. The *Rodriguez* court answered that question in the affirmative. In so doing, the court expressly declined to rely on the constitutional or statutory right to counsel. (*Id.* at p. 260, fn. 5.) Instead, it grounded its decision on section 1260 which sets forth how an appellate court may dispose of *an appeal*. The section provides, in pertinent part: "The court . . . may, if proper, remand the cause to the trial court for such further proceedings as may be just under the circumstances." The court concluded: "Because to permit the trial court to decide how to exercise its discretion under section 1385 without affording defendant and his counsel an opportunity to address the subject would be manifestly unfair, section 1260 provides sufficient authority to require defendant's presence on remand." (17 Cal.4th at p. 260.) The court rejected the People's argument that it would be superfluous to allow the defense to be present to try to convince the trial court that it should exercise its discretion. The court reasoned: "The evidence and arguments that might be presented on remand cannot justly be considered 'superfluous,' because defendant and his counsel have never enjoyed a full and fair opportunity to marshal and present the case supporting a favorable exercise of discretion. As defendant reasonably observes, 'it would have been a waste of the court's time for [defendant] to have attempted to present evidence which might convince the court to "strike" at a time when the court believed that it had no discretion to do so.' " (*Id.* at p. 258.)

■ Thus, *Fuhrman* holds that if (1) the record is silent on the question of the trial court's discretion to strike the prior convictions and (2) the matter is raised for the first time in a habeas corpus proceeding, the trial court can summarily deny the petition without first conducting a hearing in the presence of the defendant and counsel if the trial court concludes the petition has no possible merit. *Rodriguez*, on the other hand, holds that if (1) the matter is raised on appeal and (2) the record affirmatively demonstrates the trial court believed it lacked discretion, the presence of the defendant and counsel is required at a new sentencing hearing.

■ In this matter, defendant urges that the transcript of his sentencing hearing indicates that the trial court believed it lacked discretion to strike the

---

[3]Pursuant to our request, the parties have filed supplemental letter briefs addressing the applicability of *Rodriguez*.

prior conviction and that, by analogy to *Rodriguez*, he is entitled to be present with counsel at the hearing before the court rules upon the merits of the petition. That is, defendant urges that if the record affirmatively shows the trial court believed it lacked discretion, the trial court may *not* summarily deny a request for resentencing raised in a habeas corpus petition. The People, represented by the Attorney General, characterize defendant's sentencing hearing in a different manner. The People urge this is a silent record on the issue of whether the trial court believed it lacked discretion to strike the prior. We agree with defendant's interpretation of the record.

When sentencing defendant, the court stated, after selecting the low term: *"And pursuant to 667(b) through (i), I am required to double that term,* which would make it four years in the state prison." (Italics added.) The word "require" is defined in Black's Law Dictionary as "[t]o direct, order, demand, instruct, command, . . . [and] compel." (Black's Law Dict. (6th ed. 1990) p. 1304, col. 1.) Essentially, the judge stated that the Three Strikes law compelled him to sentence defendant in a particular manner and divested him of discretion to do otherwise. This interpretation of the record is fortified by the context in which the trial court made these statements. The court had already exercised its discretion to strike two of the circumstances in aggravation recited in the probation report and to reject the People's request that the midterm be selected as the base term. In light of those rulings, the court's statement that it was *required by the Three Strikes law* to double the base term indicates that the court believed it had no discretion under the Three Strikes law to strike the prior conviction. We therefore reject the Attorney General's argument that the court's remark was nothing more than a "correct observation" about the state of the law.

Because the transcript of the sentencing hearing affirmatively demonstrates that the trial court misunderstood the scope of its discretionary power under section 1385, the issue becomes to what relief is defendant entitled in the trial court.

The Attorney General makes much of the fact that *Rodriguez*'s holding that counsel is required on a *Romero* remand following appeal is grounded upon a statute (§ 1260) which only addresses appeals, not habeas corpus proceedings initiated in the trial court. We do not read *Rodriguez* so narrowly. Its reasoning, including the following statements, are equally applicable to this matter. "[T]he record before us affirmatively indicates the trial judge did misunderstand the scope of his sentencing discretion. Moreover, nothing in the record excludes the possibility the judge might have exercised his discretion in defendant's favor. Thus, we are not free to surmise, as in

*Fuhrman*, that 'the exercise of . . . discretion in the defendant's favor was not a realistic possibility' [citation] or that to permit defendant to present, in person and with the assistance of counsel, his case for favorable exercise of discretion would be an inefficient use of judicial resources." (*People* v. *Rodriguez, supra,* 17 Cal.4th at p. 259.)

Furthermore, requiring a hearing in the presence of defendant and counsel once defendant has made a prima facie case for relief follows the holding of *In re Cortez* (1971) 6 Cal.3d 78 [98 Cal.Rptr. 307, 490 P.2d 819], a case the *Rodriguez* court noted was consistent with its disposition. (*People* v. *Rodriguez, supra,* at p. 260, fn. 5.) *Cortez* arose in the following circumstance. One year earlier, the California Supreme Court had concluded that a statute which effectively prohibited the trial court from dismissing prior convictions in narcotics offenses absent prosecutorial consent violated the California Constitution. (*People* v. *Tenorio* (1971) 3 Cal.3d 89 [89 Cal.Rptr. 249, 473 P.2d 993].) The court concluded that the trial court had discretion to strike the prior convictions, convictions which if found true increased the penalty imposed. *Tenorio* was retroactive. The issue in *Cortez* was how to apply *Tenorio*'s holding to those who had already been convicted and were serving their sentences.

Relying upon statutory and constitutional provisions, *Cortez* held that a defendant should file a habeas corpus petition in the trial court, requesting it to exercise its discretion to strike the prior conviction(s). If the trial court determined that defendant had established a prima facie case for relief,[4] then the court should issue an order to show cause, appoint counsel for defendant, obtain a new probation report, and conduct a hearing in the presence of defendant and counsel. (*In re Cortez, supra,* 6 Cal.3d at pp. 88-89.)

The rationale of *Cortez* applies equally to the situation presented by this petition. "Despite the sentencing judge's previous knowledge of the defendant, supplemented frequently by a pre-sentence investigation, a decision in a post-conviction proceeding as to the propriety and wisdom [of striking a prior conviction] requires a sensitive appraisal of character *for which the presence of the petitioner in person is extremely helpful if not essential.* The intuitive estimate of character by a sentencing judge seasoned by experience

---

[4]If the petition did not establish a prima facie case for relief, the trial court could summarily deny it. *Cortez* held: "[U]pon receiving the petition, the sentencing court should ascertain from its own records whether petitioner has established a prima facie case by showing that he was convicted of a narcotics offense between September 18, 1959, and September 1, 1970, and that his sentence was augmented by virtue of one or more narcotics convictions. If not, the petition should be summarily denied." (*In re Cortez, supra,* 6 Cal.3d at pp. 88-89.)

lies at the very core of the proper exercise of discretion and depends to a significant degree upon the inarticulable message of presence. Additionally, *we think that an effective presentation of the merits of the petition depends* not only on the petitioner's being present in person but *also upon his having the assistance of counsel to fashion facts and arguments into a persuasive appeal to the court's discretion.*" (*In re Cortez, supra,* 6 Cal.3d at p. 87, italics added.)

In sum, if a defendant makes a prima facie showing for relief, he is entitled to be present with counsel at a hearing at which the court will be asked to exercise its discretion to strike prior convictions alleged under the Three Strikes law. In this situation, a prima facie showing for relief requires, at minimum, a verified allegation that the trial court indicated its belief that it lacked discretion to strike the prior conviction(s) although the better practice would be to establish that allegation by attaching as an exhibit to the petition a copy of a transcript establishing that fact.

In this case, defendant's petition in the trial court neither alleged that the sentencing court believed it had no discretion nor attached a transcript of the sentencing hearing. The petition simply alleged that the record did not reflect that the court was aware of its discretion or that it would not have exercised its discretion in defendant's favor. Those allegations were consistent with what the Supreme Court had then recently stated would be a sufficient record to avoid a summary denial of the petition. (*People* v. *Superior Court (Romero), supra,* 13 Cal.4th at p. 530, fn. 13.) However, the Supreme Court subsequently clarified that matter in *People* v. *Fuhrman, supra,* 16 Cal.4th 930, a decision filed after the trial court denied defendant's petition. Based upon *Fuhrman,* we could uphold the trial court's summary denial of the petition because defendant did no more than allege a silent record. (*People* v. *Fuhrman, supra,* 13 Cal.4th at p. 946 & fn. 10.) Two factors, however, militate against that result. The first is that the petition was filed and ruled upon almost four months before *Fuhrman* was decided. The second is that in the proceeding initiated in this court, defendant has established a prima facie case for relief. We therefore will grant his present petition and direct the trial court to hold a hearing to be attended by defendant and counsel.

### DISPOSITION

The order to show cause is discharged. The petition for a writ of habeas corpus is granted. Petitioner is remanded to the custody of the Superior

Court of Los Angeles County with directions to that court to vacate its order of May 21, 1997, to issue an order to show cause, and to proceed in accord with the views expressed herein.

Epstein, J., and Baron, J., concurred.