Filed 8/27/13  In re E.H. CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| In re E.H. et al., Persons Coming Under the Juvenile Court Law. | |
| ORANGE COUNTY SOCIAL SERVICES AGENCY,        Plaintiff and Respondent,        v. JONATHAN R.,        Defendant and Appellant. | G048329 (Super. Ct. Nos. DP023533, DP023534, DP023535) O P I N I O N |

Appeal from an order of the Superior Court of Orange County, Jacki C. Brown, Judge.  Affirmed.

Daniel G. Rooney, under appointment by the Court of Appeal, for Defendant and Appellant.

Nicholas S. Chrisos, County Counsel, Karen L. Christensen and Debbie Torrez, Deputy County Counsel, for Plaintiff and Respondent.

No appearance for the Minors.

\*          \*          \*

The children in this matter were declared dependent children of the court as a result of their parents' no contest pleas to a petition alleging Jonathan R., the presumed father (father), disciplined one of the children in an excessive manner. The court did not remove the children from their home, but ordered the children to remain with their mother on the condition father not live in the residence or have unsupervised contact with the children. The court ordered the Orange County Social Services Agency (SSA) to provide father with enhancement services. Father appeals, contending the court erred in failing to order "reunification services" for him. We affirm.

I

FACTS

Father and A. H. (mother) are the parents of three young children. The family was living together when the children became the subject of a dependency petition filed in the juvenile court pursuant to Welfare and Institutions Code section 300. (All statutory references are to the Welfare and Institutions Code.) According to the petition, father tied six-year-old J.H.'s legs together and struck him twice with a sandal. The petition further alleged father has used this as a regular means of discipline. (§ 300, subds. (a), (b).) The initial detention report recommended the children remain with mother and that father receive monitored visitation. Father was arrested as a result of the incident and was in custody during the juvenile court proceedings.

The court appointed counsel for mother and father at the first court appearance, found father to be the presumed father, and ordered the children's temporary care and placement with mother. The court issued a restraining order against father, restraining him from contacting the children other than during court-ordered visitation, and directing that he remain at least 100 yards from the family residence. The court also directed SSA to prepare a case plan pursuant to sections 358 and 358.1. Lastly, the court ordered twice a week monitored visitation while father remained in custody.

2

Mother and father entered no contest pleas to the allegations of the amended petition. The court declared the children to be dependent children of the juvenile court pursuant to section 360, subdivision (d) and found by clear and convincing evidence that it would be detrimental to the children to vest custody with father. (§ 361, subd. (c).) The court continued custody with mother. The court rejected father's request for reunification services and approved the case plan calling for father to participate in "individual, conjoint, family, and/or group therapy with a therapist approved by Social Services Agency to address development of coping skills to manage impulse/anger when disciplining children, development of parenting roles and skills, family communication, and the issues in the petition," and to complete an approved parenting class.

II

DISCUSSION

In fashioning disposition orders, "'[t]he juvenile court has broad discretion to determine what would best serve and protect the child's interest and to fashion a dispositional order in accordance with this discretion. [Citations.] The court's determination in this regard will not be reversed absent a clear abuse of discretion.' [Citation.]" (*In re Corrine W.* (2009) 45 Cal.4th 522, 532.) Judicial discretion "'implies absence of arbitrary determination, capricious disposition or whimsical thinking. It imports the exercise of discriminating judgment within the bounds of reason. [¶] To exercise the power of judicial discretion all the material facts in evidence must be both known and considered, together also with the legal principles essential to an informed, intelligent and just decision.'" (*In re Cortez* (1971) 6 Cal.3d 78, 85-86, fn. omitted.) Defendant contends the trial court abused its discretion when it denied his request for reunification services. We rejected a similar argument in *In re A.L.* (2010) 188 Cal.App.4th 138, and we see no reason to reconsider that decision.

"If a child is adjudged a dependent child of the court, on the ground that the child is a person described by Section 300, and the court orders that a parent or guardian

3

shall retain custody of the child subject to the supervision of the social worker, the parents or guardians shall be required to participate in child welfare services or services provided by an appropriate agency designated by the court." (§ 362, subd. (c).) When a child remains with one parent, the court orders enhancement services provided to the parent who no longer has custody. "Enhancement services are child welfare services offered to the parent not retaining custody, designed to enhance the child's relationship with the parent. [Citations.]" (*Earl L. v. Superior Court* (2011) 199 Cal.App.4th 1490, 1497, fn. 1.) Thus, enhancement services to father were appropriate here, where the children remain in the family home with mother. (*In re A.L.*, *supra*, 188 Cal.App.4th at p. 146.)

Reunification services are provided to a parent or parents when the child is removed from the family home and "'*needs temporary foster care*.'" (*In re A.L.*, *supra*, 188 Cal.App.4th at p. 145, citing § 16501.) The purpose of reunification services is to facilitate permanent placement of a child with one or both parents *after* a child has been removed from the home. (188 Cal.App.4th at p. 145.) As the children in this case remain in the home, there was no need to provide reunification services to father.

Moreover, even were we to assume the court had discretion to order reunification services to father notwithstanding the fact that the children remain in the family home with mother, father conceded below that the services ordered by the court would not be any different whether labeled "enhancement" or "reunification" services. Thus, he does not complain about the reasonableness of the services provided, only their appellation. Father's complaint is that in labeling the services "enhancement" instead of "reunification," he is in a less advantageous position than he would be in if, at the six-month review, he has complied with the services, but mother has failed in connection with the services provided her. This is a speculative contingency the court had no reason to anticipate, much less prepare for by ordering the same services to the father, but designating them as reunification services.

4

We find the services provided father were reasonable, a fact he does not contest. Additionally, we find the court did not abuse its discretion in providing father the enhancement services and not designating the very same services as reunification services.

### III

### DISPOSITION

The order of the juvenile court is affirmed.

MOORE, ACTING P. J.

WE CONCUR:

ARONSON, J.

IKOLA, J.