Filed 1/10/17

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| In re ANTHONY MAURICE COOK, JR.<br><br>    on Habeas Corpus. | G050907<br><br>(Super. Ct. No. WHCSS1400290)<br><br>O P I N I O N |

Original proceedings; petition for writ of habeas corpus after a judgment of the Superior Court of San Bernardino County, Katrina West, Judge.  Petition granted.

Anthony Maurice Cook, Jr., in pro. per.; and Michael Satris, under appointment by the Court of Appeal, for Petitioner.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, A. Natasha Cortina, Theodore Cropley, Parag Agrawal and Lynne G. McGinnis, Deputy Attorneys General, for Respondent.

\*        \*        \*

## INTRODUCTION

In 2009, the convictions against petitioner Anthony Maurice Cook, Jr. (Petitioner), for two counts of murder, one count of attempted murder, and firearm enhancements were affirmed in *People v. Shaw and Cook* (May 28, 2009, G041439) (nonpub. opn.). By petition for writ of habeas corpus, Petitioner challenged his sentence of 125 years to life in prison. Petitioner, who was 17 years old when he committed the crimes, contended his sentence was unconstitutional under *Miller v. Alabama* (2012) 567 U.S. __ [132 S.Ct. 2455] (*Miller*) and, as relief, asked to be resentenced.

In *In re Cook* (Apr. 6, 2016, G050907) (nonpub. opn.) (*Cook*), we denied Petitioner's petition for writ of habeas corpus. We concluded, based on *Montgomery v. Louisiana* (2016) 577 U.S. __ [136 S.Ct. 718], that *Miller* applied retroactively to cases on collateral review but that recently enacted Penal Code sections 3051 and 4801 had the effect of curing the unconstitutional sentence imposed on Petitioner. (*Cook*, *supra*, G050907.) In July 2016, the California Supreme Court granted Petitioner's petition for review of our opinion and transferred the matter to us with directions to vacate our decision and consider, in light of *People v. Franklin* (2016) 63 Cal.4th 261, 268-269, 283-284 (*Franklin*), "whether petitioner is entitled to make a record before the superior court of 'mitigating evidence tied to his youth.'"

The petition is granted insofar as the relief sought in the prayer of Petitioner's supplemental opening brief seeks a hearing to allow Petitioner to make a record of mitigating evidence tied to his youth at the time of the offense. The matter is remanded with directions to the trial court to grant Petitioner a hearing at which he can make a record of such mitigating evidence. In doing so, we hold that the relief afforded by *Franklin* is available by both direct review and petition for writ of habeas corpus.

## BACKGROUND

In December 2003, Petitioner and Rufus Raymond Shaw shot and killed Odrum Nader Brooks and his son, Demarcus T. Brooks, while the latter two sat in an

2

automobile.  Petitioner was 17 years old at the time.  In 2007, a jury convicted Petitioner of two counts of first degree murder (Pen. Code, § 187, subd. (a)) and one count of attempted murder (*id.*, §§ 664, 187, subd. (a)), and found true the allegations that Petitioner personally and intentionally discharged a firearm (*id.*, § 12022.53, subd. (c)) and personally and intentionally discharged a firearm proximately causing great bodily injury (*id.*, § 12022.53, subd. (d)).

The trial court sentenced Petitioner to an indeterminate term of life with the possibility of parole for the attempted murder, plus five consecutive indeterminate terms of 25 years to life for murder and discharging a firearm, for a total sentence of 125 years to life.  The convictions and sentence were affirmed in *People v. Shaw and Cook*, *supra*, G041439.

In 2014, Petitioner filed a petition for writ of habeas corpus in the superior court in which he had been convicted.  The superior court denied the petition without an evidentiary hearing in September 2014.

One month later, Petitioner, who was self-represented at the time, filed a petition for writ of habeas corpus in the Court of Appeal.  He sought relief based on *Miller*, *supra*, 567 U.S. __ [132 S.Ct. 2455].  Counsel was appointed to represent Petitioner, and counsel filed a supplement to the petition for writ of habeas corpus and an appendix of exhibits.  We issued an order to show cause, in response to which the Attorney General (Respondent) filed a return.  Petitioner filed a traverse, thereby joining the issues for review.  In April 2016, we issued our opinion in *Cook*, *supra*, G050907, denying the petition for writ of habeas corpus.

The California Supreme Court granted Petitioner's petition for review of our opinion and transferred the matter to us with directions.  Following transfer, Petitioner filed a supplemental opening brief.  Respondent did not file a supplemental brief.  After we issued an opinion, we received a petition for rehearing from Respondent informing us that Respondent had never been served with Petitioner's supplemental

3

opening brief and requesting that we accept Respondent's supplemental brief. We granted Respondent's petition for rehearing and accepted Respondent's supplemental brief. Petitioner filed a supplemental responding brief. We have considered the supplemental briefs.

## DISCUSSION

### I.

### In Light of *Franklin*, Petitioner Is Entitled to a Hearing to Make a Record of Mitigating Evidence Tied to Youth.

We noted in *Cook*, *supra*, G050907, it was undisputed that Petitioner's sentence of 125 years to life was a de facto sentence of life without the possibility of parole and that, when sentencing Petitioner, the trial court did not consider his age, youthful attributes, and capacity for reform and rehabilitation. We concluded that *Miller* applies retroactively to matters on collateral review. (*Montgomery v. Louisiana*, *supra*, 577 U.S. __ [136 S.Ct. 718].) As a consequence, we concluded, Petitioner's sentence was unconstitutional under *Miller*, *supra*, 567 U.S. at page __ [132 S.Ct. at page 2460] and *People v. Caballero* (2012) 55 Cal.4th 262. (*Cook*, *supra*, G050907.) But we were compelled by *Montgomery v. Louisiana*, *supra*, 577 U.S. __ [136 S.Ct. 718], to conclude that Penal Code section 3051 cured the constitutional error in sentencing by giving Petitioner the right to a parole hearing after serving 25 years of his sentence. (*Cook*, *supra*, G050907.)

The California Supreme Court's order granting Petitioner's petition for review of our opinion transferred the matter to us with directions to vacate our decision and consider, in light of *Franklin*, *supra*, 63 Cal.4th 261, "whether [P]etitioner is entitled to make a record before the superior court of 'mitigating evidence tied to his youth.'" In *Franklin*, the defendant was 16 years old when he shot and killed the victim. (*Id.* at p. 269.) A jury convicted the defendant of first degree murder and found true a personal firearm-discharge enhancement. (*Id.* at p. 268.) The defendant was sentenced to two

4

25-year-to-life sentences, giving him a total sentence of life in state prison with the possibility of parole after 50 years. (*Ibid.*) The California Supreme Court concluded that Penal Code sections 3051 and 4801 mooted the defendant's claim that the sentence was unconstitutional because "those statutes provide [the defendant] with the possibility of release after 25 years of imprisonment (Pen. Code, § 3051, subd. (b)(3)) and require the Board of Parole Hearings (Board) to 'give great weight to the diminished culpability of juveniles as compared to adults, the hallmark features of youth, and any subsequent growth and increased maturity' (*id.*, § 4801, subd. (c))." (*Franklin*, *supra*, at p. 268.)

The California Supreme Court also concluded, however, that the defendant had raised "colorable concerns" over "whether he was given adequate opportunity at sentencing to make a record of mitigating evidence tied to his youth." (*Franklin*, *supra*, 63 Cal.4th at pp. 268-269.) The court explained: "The criteria for parole suitability set forth in Penal Code sections 3051 and 4801 contemplate that the Board's decisionmaking at [the defendant]'s eventual parole hearing will be informed by youth-related factors, such as his cognitive ability, character, and social and family background at the time of the offense. Because [the defendant] was sentenced before the high court decided *Miller* and before our Legislature enacted [Penal Code sections 3051 and 4801], the trial court understandably saw no relevance to mitigation evidence at sentencing. In light of the changed legal landscape, we remand this case so that the trial court may determine whether [the defendant] was afforded sufficient opportunity to make such a record at sentencing. This remand is necessarily limited; as section 3051 contemplates, [the defendant]'s two consecutive 25-year-to-life sentences remain valid, even though the statute has made him eligible for parole during his 25th year of incarceration." (*Id.* at p. 269.)

The Supreme Court explained that if, after remand, the trial court were to determine the defendant did not have sufficient opportunity to make a record at sentencing, then "the court may receive submissions and, if appropriate, testimony

5

pursuant to procedures set forth in [Penal Code] section 1204 and rule 4.437 of the California Rules of Court, and subject to the rules of evidence." (*Franklin*, *supra*, 63 Cal.4th at p. 284.) "[The defendant] may place on the record any documents, evaluations, or testimony (subject to cross-examination) that may be relevant at his eventual youth offender parole hearing, and the prosecution likewise may put on the record any evidence that demonstrates the juvenile offender's culpability or cognitive maturity, or otherwise bears on the influence of youth-related factors. The goal of any such proceeding is to provide an opportunity for the parties to make an accurate record of the juvenile offender's characteristics and circumstances at the time of the offense so that the Board, years later, may properly discharge its obligation to 'give great weight to' youth-related factors ([Pen. Code,] § 4801, subd. (c)) in determining whether the offender is 'fit to rejoin society' despite having committed a serious crime 'while he was a child in the eyes of the law' [citation]." (*Ibid.*)

In this case, Petitioner asserts, "the record of [his] characteristics and circumstances at the time of the offense is bare bones at best, with the probation officer's report consisting of less than a half page of 'personal history'; as opposed to ensuring a full and accurate record, the report noted that the information in that personal history section was 'not independently verified.'"

We agree with Petitioner. In *Franklin*, *supra*, 63 Cal.4th at page 284, it was "not clear" whether the defendant "had sufficient opportunity to put on the record the kinds of information that [Penal Code] sections 3051 and 4801 deem relevant at a youth offender parole hearing." Here, in contrast, it is clear that Petitioner was *not given* sufficient opportunity to make such a record. Petitioner's sentence was imposed before the decision in *Miller* and before enactment of Penal Code sections 3051 and 4801. We noted in *Cook* that the trial court, when sentencing Petitioner, did not consider his age, youthful attributes, and capacity for reform and rehabilitation. (*Cook*, *supra*, G050907.)

6

Thus, rather than direct the trial court to make the determination whether Petitioner had sufficient opportunity at sentencing to make a record of "information that will be relevant to the Board as it fulfills its statutory obligations under [Penal Code] sections 3051 and 4801" (*Franklin*, *supra*, 63 Cal.4th at pp. 286-287), we will direct the trial court to conduct a hearing at which Petitioner will have the opportunity to make such a record.

## II.

### Relief Under *Franklin* Is Available on Habeas Corpus.

Respondent asserts that relief by writ of habeas corpus is unavailable to Petitioner because he is not challenging the legality of his restraint. Respondent argues: "[H]abeas corpus has traditionally been limited to providing a forum for challenges to a custodian's legal authority to hold a petitioner in custody or otherwise restrain his liberty or to the manner in which the petitioner is confined. It has not been used as a procedural mechanism for reopening or supplementing otherwise closed proceedings for any less fundamental purpose." The relief offered by *Franklin* is, according to Respondent, available only by direct review.

The California Supreme Court's order directing us to reconsider the matter in light of *Franklin* strongly suggests the Supreme Court recognizes that the relief afforded by that opinion is available by habeas corpus. Otherwise, it seems, the Supreme Court would have denied the Petitioner's petition for review.

In any event, Respondent takes an overly narrow view of the scope of the writ of habeas corpus. A previously convicted defendant may obtain relief by habeas corpus when changes in case law expanding a defendant's rights are given retroactive effect. (E.g., *In re Cortez* (1971) 6 Cal.3d 78, 82-83 [new California Supreme Court decision justifies habeas corpus relief]; *In re Terry* (1971) 4 Cal.3d 911, 916 [new United States Supreme Court decision justifies habeas corpus relief]; *In re Johnson* (1970) 3 Cal.3d 404, 407-408, 409-410 [same].)

7

In *Franklin*, *supra*, 63 Cal.4th at pages 286-287, the California Supreme Court in effect expanded the defendant's rights by remanding the matter to the Court of Appeal with instructions to remand to the trial court to determine whether the defendant was afforded an adequate opportunity to make a record of information relevant to a future determination under Penal Code sections 3051 and 4801. *Franklin* thus holds that a defendant has the right at the time of sentencing to present evidence and make a record of information that may be relevant at his or her eventual youth offender parole hearing.

Changes in case law customarily are fully retroactive. (*People v. Birks* (1998) 19 Cal.4th 108, 136; *Evangelatos v. Superior Court* (1988) 44 Cal.3d 1188, 1207.) There is an exception to the rule of retroactivity when a judicial opinion changes a settled rule on which the parties had relied. (*Claxton v. Waters* (2004) 34 Cal.4th 367, 378.) In that situation, "'"[c]onsiderations of fairness and public policy may require that a decision be given only prospective application."'" (*Ibid.*) *Franklin* did not change any settled rule on which the parties to this case relied in the trial court or on appeal. Nothing in *Franklin* suggests the California Supreme Court intended it to be excepted from the rule of full retroactivity.

As the deprivation of the rights granted by *Franklin* is cognizable on habeas corpus, we have inherent power to fashion the appropriate remedy (*In re Crow* (1971) 4 Cal.3d 613, 619-620, fn. 7) with consideration toward factors of justice and equity (*In re Harris* (1993) 5 Cal.4th 813, 851). The appropriate remedy, we have concluded, is to remand the matter to the trial court with directions to conduct a hearing at which Petitioner will have the opportunity to make such a record.

Respondent argues that Petitioner should not be afforded habeas corpus relief because, as a practical matter, a hearing conducted 13 years after the commission of the offenses and more than nine years after original sentencing would not be "an efficient or effective way of seeking to augment the existing sentencing record with any further evidence of [Petitioner]'s particular characteristics as a youthful offender in 2003."

8

According to Respondent, there is no guarantee the original sentencing judge will be available to conduct the hearing, and the parties likely will have to be represented by new defense counsel or prosecutors who might have no familiarity with the matter.

The issues identified by Respondent are inherent in the remedy afforded by *Franklin*, whether granted by direct appeal or collateral challenge. We take judicial notice of the Court of Appeal docket in *People v. Franklin*,[1] which shows that nearly four years elapsed from the date the notice of appeal was lodged (June 5, 2012) to the date on which the Supreme Court issued its opinion (May 26, 2016). Thus, when the court in *Franklin* remanded the matter for a determination whether the defendant had had the opportunity to make a record of youth-related factors, it did so with the knowledge and understanding that such determination and any evidentiary hearing would be conducted more than four years after the date of original sentencing.

As explained in *Franklin*, *supra*, 63 Cal.4th at page 269, the criteria for parole suitability in Penal Code sections 3051 and 4801 "contemplate that the Board's decisionmaking at [the defendant]'s eventual parole hearing will be informed by youth-related factors, such as his cognitive ability, character, and social and family background at the time of the offense." It would be most effective to make a record of those youth-related factors as near in time as possible to the date of original sentencing. Nine years after original sentencing is far from ideal, but it is better than the 15th, 20th, or 25th year of incarceration, which are the possible times for the youth offender parole hearing. (Pen. Code, § 3051, subd. (b)(1), (2) & (3).)

---

[1] A print copy of the online Court of Appeal docket is attached to Petitioner's supplemental responding brief. We take judicial notice of the docket pursuant to Evidence Code section 452, subdivision (h) as "[f]acts and propositions that are not reasonably subject to dispute and are capable of immediate and accurate determination by resort to sources of reasonably indisputable accuracy."

## DISPOSITION

The petition for writ of habeas corpus is granted insofar as it challenges Petitioner's sentence of 125 years to life without affording Petitioner the opportunity to make a record of mitigating evidence tied to his youth at the time the offense was committed. The matter is remanded with directions to the trial court to conduct a hearing at which Petitioner has the opportunity to make a record of such mitigating evidence. The hearing must be conducted no later than 90 days from the date this opinion is final in this court.

                                        FYBEL, J.

WE CONCUR:


O'LEARY, P. J.


THOMPSON, J.