Filed 12/19/24  P. v. Sibley CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>　　Plaintiff and Respondent,<br><br>v.<br><br>GERALD SIBLEY,<br><br>　　Defendant and Appellant. | B335415<br><br>(Los Angeles County<br>　Super. Ct. No. NA078091) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Richard M. Goul, Judge.  Reversed and Remanded.

James M. Crawford, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Noah P. Hill, Supervising Deputy Attorney General, and Eric J. Kohm, Deputy Attorney General, for Plaintiff and Respondent.

## INTRODUCTION

Defendant Gerald Sibley (Sibley) was resentenced pursuant to Penal Code section 1172.75.[1]  At the resentencing hearing, the trial court reduced Sibley's prison sentence by striking two sentencing enhancements now rendered invalid under section 1172.75.  Sibley appeals the order reducing his sentence, arguing he had the right to be present for his resentencing and that the court erred by conducting the hearing in his absence and without obtaining a waiver of his right to be present.  We agree and reverse the order and remand the matter for a new hearing.

## FACTUAL AND PROCEDURAL BACKGROUND

I.    *Conviction and Sentence*

In 2008, a jury convicted Sibley of carjacking (§ 215, subd. (a)) and second-degree robbery (§ 211).  The jury also found true the special allegation that Sibley used a firearm during the commission of the carjacking (§ 12022, subd. (b)(1)).  The court found true the special allegations that Sibley suffered three prior convictions within the meaning of the Three Strikes law (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)), as well as two prior serious felony convictions (§ 667, subd. (a)) and four prior prison terms (§ 667.5, subd. (b)).

Sibley was sentenced to an aggregate term of 40 years to life, as follows: 25 years to life under the Three Strikes law, five years for each of the enhancements under section 667 (10 years total), one year for each of the enhancements under section 667.5 (four years total), and one year for the firearm enhancement (§ 12022, subd. (b)(1)).

---

[1]    All further statutory references are to the Penal Code unless otherwise stated.

On direct appeal from his underlying conviction, this court issued an unpublished opinion directing the trial court to strike two of the one-year enhancements imposed under section 667.5, subdivision (b).  (*People v. Sibley* (May 27, 2009, No. B210687).)  On remand, Sibley was resentenced to 38 years to life.

II.    *Resentencing Proceedings*

On January 4, 2023, the trial court issued a minute order noting Sibley had been identified by the California Department of Corrections and Rehabilitation (CDCR) as potentially eligible for resentencing relief under section 1172.75.  The court also appointed counsel for Sibley and set a status conference for April 21, 2023, to discuss whether Sibley was entitled to a resentencing hearing.  In advance of the status conference, Sibley filed a petition for resentencing under section 1172.75.  Sibley argued the one-year sentence enhancements imposed under section 667.5 were now deemed legally invalid and requested a full resentencing on other portions of his sentence.  At the status conference, the court scheduled a resentencing hearing for Sibley.

After several continuances, the trial court held Sibley's resentencing hearing on October 26, 2023.  Sibley was represented by counsel at the hearing but was not present.  At the hearing, the trial court resentenced Sibley by striking the two remaining one-year enhancements that had been imposed under section 667.5.  In resentencing Sibley, the trial court noted it had the discretion to strike the other sentencing enhancements imposed under sections 667 and 12022 but declined to do so.  Sibley was ultimately resentenced to a total term of 36 years to life.

Sibley timely appealed.

## DISCUSSION

I.    *Overview of Relevant Law*

When Sibley was convicted and sentenced, defendants were subject to a one-year prison term enhancement under section 667.5, subdivision (b), for each true finding that they had served a prior prison term and had thereafter remained free from custody for at least five years.  Effective January 1, 2020, section 667.5, subdivision (b), was amended to limit prior prison term enhancements to prior terms imposed for certain sexually violent offenses. (Stats. 2019, ch. 590, § 1; *People v. Escobedo* (2023) 95 Cal.App.5th 440, 445 (*Escobedo*).)  The Legislature subsequently enacted Senate Bill No. 483, which sought to make these changes to section 667.5 retroactive.  (Stats. 2021, ch. 728, § 1; *Escobedo*, *supra*, 95 Cal.App.5th at p. 445.)  Senate Bill No. 483 went into effect on January 1, 2022, and added section 1172.75[2] to the Penal Code.  (*Ibid.*)

Section 1172.75 invalidates prior prison term sentencing enhancements imposed under section 667.5, subdivision (b), unless imposed for a sexually violent offense.  (§ 1172.75, subd. (a).)  It also requires the CDCR to identify the individuals in its custody currently serving a term for a judgment that includes a prior prison term enhancement.  (*Id.*, subd. (b).)  If the court determines the defendant's judgment includes a prior prison term enhancement, the court must appoint counsel, recall the sentence, and resentence the defendant.  (*Id.*, subds. (c), (d)(5).)

In addition to striking the invalid section 667.5 enhancements, "section 1172.75 requires full resentencing where now-invalid enhancements were

---

[2]    As initially enacted, this statute was numbered section 1171.1. Effective June 30, 2022, section 1171.1 was renumbered section 1172.75. (Stats. 2022, ch. 58, § 12.)  For ease of reference, we will refer to the section by its new numbering only.

imposed." (*People v. Espino* (2024) 104 Cal.App.5th 188, 195, review granted Oct. 23, 2024, S286987; accord *People v. Monroe* (2022) 85 Cal.App.5th 393, 402 ["By its plain terms, section 1172.75 requires a full resentencing, not merely that the trial court strike the newly 'invalid' enhancements"].) In resentencing a defendant, the court must apply current sentencing rules and "any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing." (§ 1172.75, subd. (c), (d)(2).)

Sentencing and resentencing proceedings constitute critical stages of criminal prosecution at which a criminal defendant is entitled to be present. (*People v. Velasco* (2023) 97 Cal.App.5th 663, 674 (*Velasco*); *People v. Blacksher* (2011) 52 Cal.4th 769, 798–799; *People v. Rodriguez* (1998) 17 Cal.4th 253, 260; *People v. Cutting* (2019) 42 Cal.App.5th 344, 347–348 (*Cutting*); U.S. Const., 6th & 14th Amends.; Cal. Const., art. I, § 15; §§ 977, subd. (b)(1), 1043.) A defendant may waive the right to be present. (*People v. Mendoza* (2016) 62 Cal.4th 856, 898 (*Mendoza*) [a defendant may waive his right to be present "as long as his waiver is voluntary, knowing and intelligent"].)

For error implicating a defendant's constitutional right to be present, we conduct harmless error review under *Chapman v. California* (1967) 386 U.S. 18 (*Chapman*). (*Mendoza, supra*, 62 Cal.4th at p. 902.)

II.     *Reversal and Remand are Required*

Sibley contends the trial court erred in conducting the resentencing hearing in his absence without obtaining a waiver of his right to be present. The Attorney General agrees this was error, as do we. Resentencing constitutes a "critical stage" of a criminal prosecution, and thus Sibley was

entitled to be present for his resentencing hearing. (*Cutting*, *supra*, 42 Cal.App.5th at p. 348.) The record on appeal does not include any indication that Sibley waived his right to be present for resentencing. In the absence of a waiver, the trial court erred in conducting the resentencing hearing outside of Sibley's presence.

Having concluded Sibley was deprived of his right to be present at the resentencing hearing, we must therefore reverse the trial court's order unless the error was harmless beyond a reasonable doubt under *Chapman*. (*Cutting*, *supra*, 42 Cal.App.5th at p. 348 ["the error 'may be deemed harmless only if we can conclude beyond a reasonable doubt that the deprivation did not affect the outcome of the proceeding'"]; *Mendoza*, *supra*, 62 Cal.4th at p. 902.) The Attorney General concedes the *Chapman* standard cannot be satisfied and reversal is necessary. We agree.

In exercising its resentencing discretion, the trial court could have considered postconviction factors, including Sibley's age, time served, physical condition, and other evidence reflecting changed circumstances "so that continued incarceration is no longer in the interest of justice." (§ 1172.75, subds. (d)(1)-(3).) These factors were neither raised nor discussed at the resentencing hearing. Were Sibley present, these factors may have been addressed or supplemented by Sibley's expression of remorse or plea for leniency. (See *Cutting*, *supra*, 42 Cal.App.5th at p. 350 [harmless error not established where defendant "may have offered mitigating factors that arose after his original sentencing; he may have expressed remorse; he may have made a plea for leniency"].)

As our high court stated long ago, "a decision in a post-conviction proceeding as to the propriety and wisdom of [resentencing] requires a sensitive appraisal of character for which the presence of the [defendant] in

6

person is extremely helpful if not essential." (*In re Cortez* (1971) 6 Cal.3d 78, 87.) While the resentencing court "may or may not have chosen to believe what [Sibley] might have said, if he said anything," we cannot conclude beyond a reasonable doubt his presence at the resentencing hearing would not have affected the outcome. (*Cutting, supra,* 42 Cal.App.5th at p. 349; accord, *Velasco, supra,* 97 Cal.App.5th at p. 674; *People v. Basler* (2022) 80 Cal.App.5th 46, 59.) The trial court's error was thus prejudicial and we must reverse the trial court's order resentencing Sibley.

## DISPOSITION

The post-conviction order is reversed. The matter is remanded for the trial court to conduct a new resentencing hearing after securing Sibley's presence or a valid waiver of his right to be present. We express no opinion on the court's exercise of discretion on remand. If the hearing results in a different sentence than previously imposed, the court shall prepare an amended abstract of judgment and forward a copy to the CDCR.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

ZUKIN, J.

We concur:

COLLINS, Acting P. J.          MORI, J.

7